_In re_ MARRIAGE OF MARY J. CUBERLY, a/k/a Mary J. Clark, Petitioner, and RANDALL W. CUBERLY, Respondent-Appellee (Mary M. Clark, Ex'r of the Estate of Mary J. Clark, Petitioner-Appellant).

Fifth District   No. 5—84—0508

Opinion filed July 5, 1985.

Zari Ann Kalo-Keistler, of Clark Law Offices, of Mt. Vernon, for appellant.

No brief filed for appellee.

JUSTICE KARNS delivered the opinion of the court:

Petitioner Judith Cuberly Clark brought this petition for modification of a decree of divorce against Randall Cuberly in the circuit court of Jefferson County, seeking equitable reimbursement for her support of their minor children since the time of the parties' divorce in 1971, and equitable compensation to her for her payment of the marital debts, prospective support for the remaining minor child, Andrew, costs and attorney fees. The court modified the 1971 decree to require the husband to pay $250 per month for the support of Andrew, but denied the petition in all other respects, ruling, in part, that Randy had proved that Judy's claim was barred by the doctrine of *laches*. We reverse.

Judy and Randy Cuberly were divorced by a decree obtained against Randy by default in March 1971 in the circuit court of Jefferson County. The decree recited that because personal jurisdiction was not obtained over Randy, the court would consider the extent of his obligation to pay marital debts at such time as *in personam* jurisdiction was obtained. Custody of the two minor children, Angela and Andrew, was awarded to Judy but the judgment was silent as to child support. From 1971 through 1980, Randy changed domiciles many times. He lived in Kansas City, Titusville, Florida, Denver, Colorado, and somewhere in Texas from 1971-72. He moved to Miami, Florida, in 1972 and remained there for approximately two years. In 1974 he moved back to Kansas City, then to Englewood, Colorado, where he lived for a brief time with his mother. In 1975 he moved to Fort Collins, Colorado, and stayed until 1980. In January 1981 he moved to Phoenix, Arizona, with his fourth wife, and that was the city of his residence at the time the modification hearing took place.

Randy testified that though his income varied greatly throughout those years, he was earning an income for most of the time in question and that his income currently computed to in excess of $31,000 yearly. At no time in the 12 years following their divorce did Randy pay or offer to pay Judy any money to assist in the support of the children.

Judy testified that she was unaware of Randy's whereabouts from the time of the divorce until late 1982, at which time she filed this modification petition. In late 1978, Judy's daughter Angela insisted upon contacting her father. Judy provided her with the name of Randy's grandmother, and told Angela that she lived in Kansas City on a street with "a president's name." Angela was able to obtain a Colorado address and wrote to her father in late 1978. Randy replied by letter dated November 30, 1978, and also sent gifts to the two children for Christmas that year. Angela never gave the address to her mother nor did Judy request that she do so. Sometime after this exchange of correspondence, Randy left Fort Collins without a forwarding address, so Angela lost track of him again.

Judy testified that she didn't ask Angela for the address or otherwise make serious efforts to locate Randy because she still believed that she would not be able to obtain court-ordered child support. In 1982 she read an article about a woman in similar circumstances who had obtained a late judgment of support. Judy then requested that her brother, an attorney, file an action against Randy for past support.

After the divorce, Judy worked various jobs and went to school to

work on an accounting degree. Her family's financial assistance enabled her to subsist. Her parents provided groceries and gasoline, and, at times, Judy and the children lived with them. In 1973 Judy married Walt Zabich; they had a child, and were divorced in 1976. Zabich contributed toward the support of Angela and Andrew, and after the divorce he paid $200 monthly in child support for their child, David. In August 1980 Judy's financial situation "vastly improved" when she found a job utilizing her accounting degree which ultimately paid her a salary of $500 weekly.

In October 1981, Judy exhibited the first symptoms of ALS (Lou Gehrig's disease). Her health declined rapidly, and at the hearing on the instant petition in December 1983, she had cut back her working hours drastically and was able to work only out of her home. She moved in with her mother because she could not take care of herself completely. Judy died after the instant order was entered, and her mother has been substituted as the party-appellant in this cause.

■■ It is indisputable that Randy had a continuing duty to contribute to the support of his minor children. Where a decree of divorce awards custody of children to the mother but does not address the issue of support, the mother may thereafter maintain an action against her former husband for contribution for moneys expended by her to support the children. (*Gill v. Gill* (1973), 56 Ill. 2d 139, 144, 306 N.E.2d 281, 283.) The doctrine of *laches* will operate to bar relief where the failure to assert a right, along with a lapse of time and other circumstances, causes prejudice to the other party. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 329, 410 N.E.2d 12, 18.) Four elements must be proved in order to bar a suit on grounds of *laches*: (1) conduct on the part of the defendant giving rise to the situation of which complaint is made and for which the complainant seeks a remedy; (2) delay in asserting the complainant's rights, the complainant having had notice or knowledge of defendant's conduct and the opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit, and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is held not to be barred. *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 553, 147 N.E.2d 341, 344.

■■ In considering the evidence presented in the instant case we conclude that the trial court erred in barring Judy's claim under the doctrine of *laches*. First, the respondent failed to establish that Judy had opportunity to institute the action prior to 1982. At most, Randy created an inference that Judy, like Angela, may have been able to lo-

cate a mailing address for Randy in 1978. However, he offered no concrete rebuttal of her testimony that she did not know his whereabouts, and therefore did not affirmatively prove that she had the opportunity to obtain personal jurisdiction over him prior to 1982.

More importantly, Randy failed to demonstrate the requisite prejudice. His sole claim of injury was based upon his objection to being forced to pay one lump sum in child support as opposed to smaller payments over the years of the children's minority. Such an argument has been specifically rejected to support the defense of *laches*. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 330, 410 N.E.2d 12, 18; *Doty v. Doty* (1977), 45 Ill. App. 3d 213, 359 N.E.2d 784.) Because *laches* was not affirmatively proved, we hold that the trial court abused its discretion by barring Judy's claim for equitable reimbursement of child support.

■ The appellant also argues that the trial court erred in refusing to award her an equitable reimbursement for her payment of the marital debts and for failing to award attorney fees. We note that Randy did not file a brief in opposition to the points raised on appeal. We are not obligated to act as an advocate or to search the record to affirm the trial court's findings, but in the interest of justice, we have weighed the merits of Judy's arguments and examined the record. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) We do not believe that the court abused its discretion in denying attorney fees or reimbursement for marital debts.

We note that the record is devoid of evidence delineating the amounts expended by Judy for her support of the minor children since 1971. On remand, the burden will be on petitioner to adduce sufficient proof on which to premise an equitable award. This cause is remanded to the circuit court of Jefferson County for further proceedings consistent with the views expressed herein.

Affirmed in part; reversed in part and remanded.

WELCH and HARRISON, JJ., concur.