*In re* MARRIAGE OF DUWAYNNE Z. AZOTEA, Petitioner-Appellant, and NANCY J. AZOTEA, Respondent-Appellee.

Fourth District   No. 4—89—0855

Opinion filed July 19, 1990.

F. Donald Heck, Jr., of Pollock, Ennis & Heck, of Quincy, for appellant.

Gerald L. Timmerwilke, of Lewis, Blickhan, Longlett & Timmerwilke, of Quincy, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is nearing the last chapter (all child support terminated June 28, 1989) in a continuing battle between Duwaynne Z. Azotea (husband) and Nancy J. Azotea (wife) concerning child support, arrearages, and medical bills with respect to a judgment of dissolution originally entered by the trial court on July 20, 1979. On August 28, 1989, the trial court entered an order finding the husband owed the wife $3,164.48 in back child support, the wife owed the husband $2,430 in back support, and entered a judgment in favor of the wife and against the husband for the difference, $734.48, and judgment for wife, $1,027.25 for husband's share of medical expenses incurred by the wife for the child.

The husband appeals, asserting that the trial court erred in setting his child support arrearages at $3,164.48 and further that the trial court erred in entering judgment against him in the sum of $1,027.25 for his share of the medical expenses of the parties' child. For reasons that follow, we affirm in part as modified and reverse in part.

It is first necessary to set forth the matters which were before the court for hearing which resulted in the order of August 28, 1989. First there was a petition to show cause and for other relief filed by the husband on November 2, 1988, asserting that the custody of the child was changed to the husband on October 1, 1987, and that the wife was ordered to pay the sum of $30 per week for child support. Further, that the wife failed to make child support payments and was in arrears in the sum of $1,560. In a separate count not pertinent to these proceedings and which was later dismissed, the husband asked for a change in the amount of support. Also before the court was a petition for contempt and for relief filed by the wife asserting that the original dissolution of marriage judgment, entered on July 20, 1979, provided that the husband was to carry health insurance through his employer for the minor child of the parties and any expense not covered to be divided equally, that the wife has incurred medical bills totaling $2,091.50 for the minor child, that the husband has refused to pay his portion of those expenses, that he should be held in contempt for failure to pay his portion of said bills, and she should be awarded attorney fees. Then, on June 28, 1989, the wife

filed an additional petition asserting that the child's custody had been changed to the husband by agreement of the parties, that the child now was living separate and apart from her father in her own apartment, that wife continues to pay the child support of $30 per week, that there is a substantial change in circumstances, and requests that she be granted custody of the daughter or in lieu thereof that the child support payments be made directly to the child.

A hearing on the three petitions was held on August 17, 1989. The trial court in its order determined that from the date of the dissolution, July 20, 1979, to October 1, 1987, the husband should have paid $14,560 in child support, that he had paid $11,395.52, which left an arrearage of $3,164.48. The court also found the wife incurred noncovered medical expenses in the amount of $2,054.50, of which the husband should pay half, $1,027.25. The trial court further found the wife had failed to pay child support as ordered by the court and was in arrears in the amount of $2,430. The trial court found each of the parties to be in contempt for failing to pay child support as ordered, both were to pay the attorney fees they had incurred, and further found the husband was in contempt for failure to provide medical insurance through his employer, but not for failing to pay the noncovered expenses for which the wife had never made a timely demand for payment until the petition was filed.

■■ ■ The first matter to be considered is whether the trial court erred in setting the husband's child support arrearage at $3,164.48. There are two serious flaws in the trial court's determination of the husband's arrearage. First, there is no petition on file before the trial court concerning child support arrearage owed by the husband. The matter came to the attention of the court not by any proper pleading filed by the wife, but by her testimony that she did not pay the child support she was ordered to pay for the reason that the husband still owed her child support for the time period when she had the custody of the child. A judgment of dissolution requires strict adherence to its terms. Because one party believes the other has violated the judgment does not excuse his own noncompliance. The husband's failure to pay child support is not a justifiable excuse or cause for the wife to fail to abide by a court order requiring her to pay support. The trial court erred in determining a child support arrearage due from the husband when in fact the issue was not before the court pursuant to any proper pleading. *In re Marriage of Fox* (1989), 191 Ill. App. 3d 514, 548 N.E.2d 71; *In re Marriage of Stanley* (1985), 133 Ill. App. 3d 963, 479 N.E.2d 1152.

Additionally, with respect to the husband's arrearage in child sup-

port, the trial court in its order determined the arrearage from the date of the judgment, July 20, 1979, to the date of change of custody, October 1, 1987. This also was error even if the question of the husband's arrearage were before the court. On at least five separate occasions, the trial court in this case entered orders with respect to arrearages insofar as the husband was concerned, February 26, 1981, February 11, 1982, June 21, 1982, June 9, 1983, and October 18, 1984. The trial court had no authority to go behind the date of October 18, 1984, in determining any arrearage due from the husband. Specifically, the order entered October 18, 1984, provided in part "that arrearages of child support are hereby set as of October 18, 1984, in the sum of $1,711." This determination as of this date, October 18, 1984, is *res judicata* as to the amount of support owed by the husband up to that date. (*In re Marriage of Wade* (1987), 158 Ill. App. 3d 255, 511 N.E.2d 156.) As stated heretofore, because there was no proper pleading on file bringing to the court's attention the failure of the husband to pay support, the trial court's entry of judgment insofar as the husband's arrearage is concerned is error and is set aside.

No appeal was taken by the wife with respect to the trial court's finding that she was in arrears in the payment of child support due from her to the husband in the amount of $2,430.

■ The second issue raised in this appeal is whether the trial court erred in entering judgment against the husband in the sum of $1,027.25 as his share of the medical expenses of the child. The husband's principal argument against the allowance of this expense is that by the order of October 1, 1987, the custody of the child was changed to him; nothing was said then, nor was any pleading on file by the wife at that time concerning any failure to pay medical expenses; and she, because of this failure to bring it to the attention of the court at that time, has now foregone any right to recovery of the medical expenses and *laches* should apply. Trial courts and reviewing courts should look with disdain on the actions of a party in failing to bring to the attention of the court at the appropriate time any pending matters which should be resolved prior to the change in custody. However, she is not foreclosed from bringing the instant action for medical expenses. As shown by the evidence, the principal portion of the medical expenses was incurred in the year 1987. The husband does not argue that the amount of the expenses was not legitimate nor properly incurred by the wife. There is nothing in the record to indicate any detriment to the husband or reliance by him that she would not seek enforcement of medical expense provision. The evidence does show the amount of those expenses, and the trial court did

not err in awarding the wife the sum of $1,027.25 as reimbursement for one-half of the medical expenses incurred in behalf of the child. The husband's *laches* argument is without merit. *Blisset v. Blisset* (1988), 123 Ill. 2d 161, 526 N.E.2d 125; *In re Marriage of Cuberly* (1985), 135 Ill. App. 3d 55, 481 N.E.2d 830.

■ In summary, we have a finding against the husband in the amount of child support of arrearages $3,164.48, which was entered in error; a finding by the court that the wife was in arrears in the payment of support in the amount of $2,430; and a finding by the court that the husband owes the wife $1,027.25 as his share of the medical expenses incurred for the child. The finding that the husband was in arrears in the payment of support being in error, the judgment of the trial court is modified and judgment is entered against the wife and in favor of the husband in the amount of $1,402.75 ($2,430, wife's arrearage, less medical expenses owed wife by husband, $1,027.25).

Affirmed in part as modified; reversed in part.

LUND and STEIGMANN, JJ., concur.