*In re* MARRIAGE OF NANCY E. DANIELS, n/k/a Nancy E. Priepot, Petitioner-Appellant, and JERRY L. DANIELS, Respondent-Appellee.

Fourth District   No. 4—92—0665

Opinion filed April 8, 1993.

A. Michael Kopec, of Stratton, Dobbs & Nardulli, of Springfield, for appellant.

Timothy J. Reardon, of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

The circuit court of Sangamon County denied Jerry Daniels' (Jerry's) petition for modification of judgment, but ordered each party to pay one half of the unreimbursed orthodontic expenses of their daughter. Nancy Daniels, n/k/a Priepot (Nancy), appeals the portion of the order dividing orthodontic expenses. We reverse and remand.

Nancy and Jerry were divorced August 27, 1979. The judgment of dissolution of marriage, entered pursuant to a settlement agreement, provided in paragraph 9(m):

> "Respondent shall maintain major medical insurance on the minor children of the parties comparable to that now in force through his employment, and he shall pay and be responsible for all medical expenses for said children not covered by insurance, including dental and optical expenses."

On February 21, 1989, the circuit court entered an order by agreement modifying Jerry's monthly support payments to include

an automatic yearly increase and reaffirming all provisions in paragraph 9(m) of the original judgment. On August 3, 1990, Jerry filed the petition for modification of judgment which is the subject of this appeal. In his petition, Jerry stated his take-home pay would be diminishing and he would be unable to continue to pay the automatic agreed increase in his child support obligation. Jerry also stated that changes had occurred in the major medical insurance coverage available to him through his employer, namely (1) his plan now required a second opinion as to surgical procedures, and (2) his coverage only pays for services which the medical provider and claim reviewer deem "medically necessary." Specifically, Jerry alleged:

"(b) *** A request from Petitioner that Defendant/Respondent pay the $3,375.00 cost of orthodontic treatment for [their daughter] Theresa Daniels has been declined on the basis that the requested services are not deemed 'medically necessary', i.e., for health, as opposed to cosmetic reasons. Further the maximum payable for orthodontic expenses under the Major Medical Plan of Defendant/Respondent is $1,000.00 of which $100.00 has been paid to date. Thus, Defendant/Respondent should not be held fully liable for payment of expenses for such medical treatment unless both parties agree in writing."

At the hearing on his petition Jerry testified as to his income and living expenses and stated that he would not be receiving his cost-of-living raise for 1990. He also testified to changes in his health insurance coverage. Jerry stated his dental plan carried a $1,000 lifetime per-person coverage for orthodontic treatment, of which $100 had been paid out. Jerry later admitted the amount had been raised to $1,200. He had no knowledge whether the balance of this amount would be paid out. Jerry's counsel then presented by stipulation a letter from Dr. Sternstein, Theresa's orthodontist. The letter indicated that Theresa's malocclusion was not life threatening, but the severity of crowding would increase. "This will have a deleterious effect on the health and permanency of her dentition, eating efficiency and her temporomandibular joint. I, therefore, would strongly recommend that this problem be corrected." The letter indicated that Theresa could be treated at a later date quite successfully. Jerry stated he had attended meetings with Dr. Sternstein, Nancy, and Theresa which left doubt in his mind whether the orthodontia was medically necessary.

Nancy testified to her income and living expenses. She explained that Theresa was 15 years old and in need of braces. Nancy

said the crowding of Theresa's teeth was quite visible. Nancy was not questioned further on the issue of orthodontia. The closing arguments of counsel were not recorded because the trial judge dismissed the court reporter. However, the parties filed a bystander's report and agreed statement of facts on November 23, 1992, which states in relevant part: "2. During the closing argument of counsel for Plaintiff/Appellant, the Honorable George Ray raised the issue whether the original Judgment of Dissolution of Marriage in this cause addressed the issue of payment of orthodontia expenses."

In an order filed October 12, 1990, the trial court denied Jerry's request to modify the cost-of-living adjustment or payment of medical expenses. The court further stated: "However, since the payment of [orthodontia] expenses is not provided for in the judgment, each party shall pay one-half of the balance of any [orthodontia] expenses after the application of insurance proceeds." Nancy filed a motion to reconsider, and attached an affidavit stating she met with Jerry in August 1979 to work out the agreed divorce settlement. At that time they discussed the children's need for dental work and the fact that Theresa would probably need braces. Nancy averred that Jerry indicated at the meeting that he would pay for any expenses needed by the children and his attorney indicated he would draft the agreement to reflect that intent. Jerry filed a response to Nancy's motion and attached his own affidavit which stated he never unequivocally committed himself to pay the cost of orthodontic treatment and that Nancy could have included specific language as to orthodontic treatment in the original judgment but did not. The circuit court denied Nancy's motion in a docket entry on July 20, 1992.

■ We first reject Nancy's argument that it was error for the court to raise and decide the orthodontia issue *sua sponte* and without pleadings, argument or evidence, as an interpretation of the original judgment. It is necessary for a judge to determine what an order says before the judge can determine whether the order should be modified. We would reject Nancy's argument even if a further pleading were required. Generally the filing of a petition setting out the relief sought is a prerequisite to the granting of relief under the Act. (*In re Marriage of Azotea* (1990), 200 Ill. App. 3d 182, 184, 558 N.E.2d 550, 552 (petition to show cause filed against wife could not support order setting arrearages owed by husband).) Nevertheless, the statement of specific allegations in a petition, or even the filing of a petition itself, may be waived if the issue is actually tried and no objection is made. (*In re D.W.* (1989), 184 Ill. App. 3d

194, 198, 539 N.E.2d 1337, 1340 (allegation of abuse instead of un-fitness); *Harris v. Harris* (1990), 196 Ill. App. 3d 815, 825, 555 N.E.2d 10, 17 (failure to plead conflict of interest in answer); *In re Marriage of Stanley* (1985), 133 Ill. App. 3d 963, 970, 479 N.E.2d 1152, 1156 (request for child support fully litigated, but no petition filed).) "Except in case of default, the prayer for relief does not limit the relief obtainable, but where other relief is sought the court shall, by proper orders, and upon terms that may be just, protect the adverse party against prejudice by reason of surprise." Ill. Rev. Stat. 1991, ch. 110, par. 2—604.

▉▉ Jerry's petition appears to allege that orthodontic expenses are only cosmetic, and are not medically necessary, and to request that an order be entered requiring him to pay something less than the full amount of those expenses. An order directing Jerry to pay 50% of the orthodontic expenses would be within the scope of the petition to modify, whether the original order required Jerry to pay all, or none, of those expenses. The testimony addressed the finan-cial aspects of the orthodontia and whether the treatment was "medically necessary" as determined by Jerry's insurance plan. That testimony assumed that orthodontia was part of the "dental" costs to be paid by Jerry under the original judgment. The judge believed the judgment did not provide for orthodontic expenses and his order attempted to clarify and resolve the issue fairly and in a way that would benefit the child. The judgment did provide who should pay orthodontic expenses, however, and it was not necessary for the trial court to enter a new order. Orthodontia expenses are included in the term "dental care," and the expenses here were Jerry's full responsibility under the terms of the original judgment. *In re Marriage of Mitteer* (1993), 241 Ill. App. 3d 217, 223.

In *Mitteer*, the husband appealed the trial court's decision or-dering him to pay part of his child's orthodontic expenses. Pursuant to the parties' judgment of dissolution, the husband had been or-dered to maintain medical, dental, and prescription drug insurance on the child through his employer and to pay 50% of all uncovered costs if he was unable to maintain such insurance. (*Mitteer*, 241 Ill. App. 3d at 218.) In finding the husband was required to pay $1,000, or slightly less than one-half, of the unreimbursed orthodontia ex-penses the court stated:

> "We are cognizant that many would consider dental ex-pense distinct from orthodontic treatment. While such treat-ment may have long been considered cosmetic, we believe the time has come to reject that conclusion. Proper dental treat-

ment, including orthodontic corrections, has become accepted based on personality development and strictly health reasons. *** Without proper orthodontic work, dental problems and appearance problems develop. By this decision, we hold that the provision for dental insurance and dental expense includes orthodontic treatment." *Mitteer*, 241 Ill. App. 3d at 223.

In accordance with *Mitteer*, we reverse that part of the trial judge's order which finds that the judgment of dissolution did not address the issue of orthodontia. Our finding is consistent with the record, which indicates "orthodontia" is included under the dental portion of Jerry's health insurance plan and that such plan provides for $1,200 lifetime coverage per person toward such expenses.

When the trial court denied Jerry's petition to modify, it did so in the belief that Jerry would be required to pay only 50% of the unreimbursed orthodontic expenses. Because our order changes that balance, we remand so that the trial court may consider whether its decision on the petition to modify should be changed. Finally we observe that although a provision for dental expense generally includes orthodontia, orthodontia may not be necessary in a particular case, just as any other medical expenses may not in fact be necessary. Although a trial court, under proper circumstances, could order in a judgment of dissolution that expenses be paid which were not necessary, the judgment here did not do so. We understand from the trial court's orders in this case that it found the particular expenses were necessary. If that is not correct the trial court may address the issue further on remand. The decision whether expenses are necessary is ultimately one for the trial court, not for the parties or an insurance company.

Reversed and remanded.

STEIGMANN, P.J., and GREEN, J., concur.