*In re* MARRIAGE OF DIANE L. EALY, n/k/a Diane Carmon, Petitioner-Appellant and Cross-Appellee, and DANIEL W. EALY, Respondent-Appellee and Cross-Appellant.

Fourth District   No. 4—94—0589

Opinion filed March 3, 1995.—Rehearing denied April 4, 1995.

L. Keith Hays, of Monticello, for appellant.

Thorpe Facer, of Phebus, Winkelmann, Wong & Bramfeld, of Urbana, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Petitioner Diane Ealy (Diane) appeals from the denial of her petition to modify child support for the period April 23, 1992, through August 1, 1993. The basis of the petition was respondent Daniel's allegedly fraudulent representation of his net income contained in a stipulation filed pursuant to a prior modification petition. At the hearing held May 3, 1994, the trial court determined that petitioner had failed to carry her burden of showing justifiable reliance on the false representation. Petitioner's motion for reconsideration was denied May 31, 1994. Petitioner contends the finding of a lack of justifiable reliance on the misrepresentation was against the manifest weight of the evidence. We agree and reverse.

On April 23, 1992 (at which time Daniel was residing in Oregon), Diane filed a petition for modification of child support based on changed circumstances, namely, the increased income of Daniel and needs of the children, and her ability to provide better medical insurance coverage for the children and relieve Daniel of responsibility for same. On February 16, 1993, following the submission by Daniel of his pay stub dated February 12, 1993, from an Indiana company called Water Furnace International and showing an approximate weekly net income of $520, a stipulation setting Daniel's monthly child support at $520 to commence on March 1, 1993, was filed and

approved by the court. The stipulation included respondent's representation that such sum represented 25% of his net income.

Pursuant to a subsequent petition to modify filed by Daniel (who alleged he was then unemployed), the trial court reduced the child support to $210 per month, effective August 1, 1993. In connection with discovery had on that petition, Daniel produced his 1992 and 1993 income tax returns, as well as his bank statements for January and February 1993. The 1992 return indicated an adjusted gross income of $81,217 and the bank deposits made in January and February 1993 totalled $11,415. Daniel's 1993 income tax return showed an adjusted gross income of $27,453 although other evidence indicated that Daniel and his new wife had incorporated a business called the Energy Connection, Inc., in Oregon on July 23, 1993, and they were the sole shareholders.

On October 12, 1993, Diane filed the petition which is the subject of this appeal. She alleged that Daniel made false representations as to his income causing her to agree to the stipulated order entered February 16, 1993. She requested the trial court to increase the child support to $1,273.02 per month retroactive to April 23, 1992, the filing date of the earlier petition, through and including August 1, 1993.

After protracted hearings, the trial court, in ruling against Diane, stated: "This case basically does involve fraud. There must be a false statement and there must be damage." As to Daniel, "he's evasive in his answers. The court frankly does not believe him." The trial court then pointed out that he "has not heard evidence from Mrs. Ealy concerning her counsel's reliance on Mr. Ealy's counsel." "The court reluctantly denies Mrs. Ealy's petition."

Although neither of the parties has raised the issue, we note parenthetically that Diane's October 1993 petition essentially seeks modification of the support order entered February 16, 1993, retroactive to April 23, 1992, the date of filing her earlier petition. As such, it must be viewed as a petition for post-judgment relief pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)). Diane's petition for modification comports with the requirements of that section.

In order to show fraudulent misrepresentation, plaintiff must show (1) a false statement of a material fact; (2) the party making the statement knew or believed it to be untrue; (3) the recipient of the statement had a right to rely on it and did so; (4) the statement was made for the purpose of inducing the recipient to act; and (5) injury from the recipient's reliance on the statement. (*Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 185-86, 441 N.E.2d 324, 331.) Orders

rendered in the context of a dissolution of marriage case may be vacated or modified if procured through fraud (see *Roth v. Roth* (1970), 45 Ill. 2d 19, 23, 256 N.E.2d 838, 840), and a consent decree may be modified where its execution has been obtained through misrepresentation. *Garmisa v. Garmisa* (1972), 4 Ill. App. 3d 411, 423, 280 N.E.2d 444, 452.

■ Daniel argues that based on the income reported on his 1993 income tax return, the representation in the February 16, 1993, stipulation was not false. At the time the representation was made, however, Daniel made bank deposits in the first two months of 1993 of over $11,400, evidencing a continuous stream of income comparable to the $81,217 in adjusted gross income reported on his 1992 income tax return. Daniel attempts to legitimize his misrepresentation through hindsight, pointing to income reported on his personal return for the entire year 1993, without acknowledging that he voluntarily resigned from his employment with Water Furnace International in early July 1993, apparently entered into an agreement to independently sell products or services for that company, and formed a corporation with his new wife that the record indicates had reported earnings of over $31,600 for the latter half of 1993. We cannot say the trial court's finding of a false statement in the February 1993 stipulation was against the manifest weight of the evidence.

Daniel contends that the court was correct in finding Diane did not justifiably rely on the misrepresentation because she had every opportunity but failed to conduct discovery to obtain copies of financial documents as well as the 1992 income tax return. Daniel cites *Seefeldt v. Millikin National Bank* (1987), 154 Ill. App. 3d 715, 719, 506 N.E.2d 1052, 1055, for the view that a party may not enter into a transaction with his eyes closed to available information and then charge that he has been deceived by another. In contrast to *Seefeldt*, in which the parties were contemplating an arm's length real estate venture, the parties in this case were not entering into a purchase and sale "transaction," but attempting to assess Daniel's net income for the purpose of enforcing his statutory duty to support his children.

■ We do not view Diane's reliance upon a stipulation containing a representation of Daniel's net income for purposes of assessing child support and presented for the court's approval to be unjustified. To require that costly and time-consuming multistate discovery be entertained to test the veracity of that representation solely to demonstrate justification for petitioner's reliance undermines the intent and purpose of the statute providing for modification of a child support obligation. Courts look with favor upon stipulations which are

designed to simplify, shorten, or settle litigation and save costs of the parties, and will compel recognition unless fraudulent or contrary to public policy. (*People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, 460-61, 312 N.E.2d 620, 624-25; *In re Marriage of Galen* (1987), 157 Ill. App. 3d 341, 344, 510 N.E.2d 597, 599.) The entry of the stipulated order in this case was obtained by virtue of Daniel's fraudulent misrepresentation of his net income.

The trial court's order of February 16, 1993, stated it has "examined the pleadings on file herein and the stipulation finds it to be fair, equitable and in the best interests of the minor children."

The court is obligated in marital dissolution proceedings to protect the best interests of the children and is not bound by agreements between the parties which would circumvent judicial protection of the children's interests. "The State is often called a 'third party' to every suit for divorce or nullity of marriage. It is interested in the protection of the marriage relation, and the welfare of society." *Collins v. Collins* (1958), 14 Ill. 2d 178, 184, 151 N.E.2d 813, 816.

As is evident by the order, the trial court approved the child support amount based upon the stipulation. The misrepresentation by Daniel constituted a fraud upon the court. It was designed to improperly mislead or influence the court's exercise of its judicial function in setting or modifying child support.

We therefore reverse the circuit court's order denying petitioner relief and remand for a determination of the appropriate amount of child support for the period April 23, 1992, to August 1, 1993.

Defendant cross-appeals from that portion of the order of May 3, 1994, requiring him to personally appear before the court on June 6, 1994, and be subject to cross-examination on his search for employment and the subsequent issuance of a bench warrant for his arrest upon his failure to do so. As neither order is a final judgment of the circuit court, the cross-appeal is dismissed pursuant to Supreme Court Rule 303(a) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 303(a), eff. February 1, 1994).

Affirmed in part, reversed in part, and remanded.

KNECHT, P.J., and GREEN, J., concur.