THE PEOPLE *ex rel.* TAMMY GIBBS, as Parent and Guardian on behalf of Richard Gibbs, a Minor, Plaintiff-Appellant and Cross-Appellee, v. KENNETH E. KETCHUM, Defendant-Appellee and Cross-Appellant.

Fourth District   No. 4—95—1012

Argued August 20, 1996.—Opinion filed October 11, 1996.—Rehearing denied November 21, 1996.

Jane O'Leary Young (argued), of Champaign, for appellant.

Ellen M. Beattie (argued), of Tummelson, Bryan & Knox, of Urbana, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

This is an appeal by plaintiff Tammy Gibbs of an order denying her motion to vacate certain orders entered by the trial court in connection with custody of her minor child and child support payments to be paid by the child's father, defendant Kenneth Ketchum. The basis of her attack on the orders was alleged lack of jurisdiction in the trial court to enter the orders. We now affirm.

The minor child of the parties was born on July 19, 1991. A paternity action was commenced by the State. Ultimately, defendant admitted paternity after blood tests were completed. A judgment of parentage was entered on May 7, 1992. An order for support was entered on the same date, ordering defendant to pay $126 biweekly for support of the child.

On December 4, 1992, defendant filed a petition seeking a reduction of his child support payments, alleging that he and plaintiff shared an approximately equal amount of time with the child. On January 26, 1993, counsel entered an appearance for defendant and made an oral motion to withdraw defendant's petition. The motion was allowed and the petition stricken. On March 10, 1993, a "STIPULATION TO SET CUSTODY AND JOINT PARENTING AGREEMENT" was filed, which had been signed by both parties. That document stated in relevant part: (1) the parties had decided it was in the best interest of the child to have a continuing, close relationship with both his parents, and they had decided to share joint legal and physical custody; (2) they would spend approximately equal amounts of time with him; (3) while plaintiff has physical custody, she may remove the child from the State of Illinois to the State of Ohio, where she anticipates living; and (4) defendant will continue to maintain health insurance on the child through his employer and pay all uninsured expenses. This stipulation was prepared by counsel for defendant. Plaintiff signed a "WAIVER" in which she acknowledged her right to obtain counsel and stated her election to proceed without counsel. On March 16, 1993, the trial court entered an order approving the stipulation which provided that (1) the parties have agreed they will share joint legal and physical custody of the minor child and have agreed to share an approximately equal amount of time with him; (2) the parties have agreed to abate child support payments; and (3) the court has reviewed the stipulation and finds the matters therein are fair, reasonable, not unconscionable, and in the best interest of the child.

On January 13, 1994, defendant filed a petition asking that plaintiff be held in indirect civil contempt, alleging that (1) since March 16, 1993, the parties had shared custody of the minor child on alternating weeks and that they had agreed to Christmas visitation with plaintiff on December 23 and 24, 1993; (2) the child was not returned to defendant by plaintiff at the end of that time; (3) defendant left for vacation on December 29, 1993, and, upon returning, was unable to locate plaintiff or the child; (4) in attempting to find plaintiff, defendant learned she had moved out of her trailer on December 24, 1993, without notice; and (5) when plaintiff did call defendant, she told him she intended to keep the child to "potty train" him and refused to tell defendant her whereabouts, although she did provide him with a telephone number in the Gays, Illinois, vicinity.

On September 12, 1994, a "STIPULATION TO MODIFY JOINT CUSTODY AND PARENTING AGREEMENT" was filed, signed by both parties and their respective counsel. It alleged that after a partial hearing on defendant's petition on February 16, 1994, the court ordered plaintiff to return the minor child to defendant and plaintiff requested a continuance to hire an attorney. The stipulation further provided that the parties agreed plaintiff is in indirect civil contempt and that the court should reserve the issue of sanctions. It also provided detailed custody arrangements and that defendant would be allowed to make up time lost with the minor child due to plaintiff's conduct. Plaintiff also agreed to pay defendant's attorney fees in the amount of $341. The stipulation concluded by saying that all other provisions of the March 16, 1993, order were to remain in full force and effect. An order was entered approving this stipulation on September 12, 1994.

On March 29, 1995, defendant filed a *pro se* petition for a rule to show cause, alleging that plaintiff failed to pay the attorney fees she had been ordered to pay. On March 29, 1995, the court issued a rule to show cause and ordered plaintiff to appear on May 31, 1995. On April 28, 1995, counsel for plaintiff filed a motion to vacate the March 16, 1993, order and discharge the March 29, 1995, rule to show cause. The motion alleged that (1) the March 10, 1993, stipulation contained no agreement to abate child support, although the March 16, 1993, order approving the stipulation made such a finding; (2) prior to entry of the order, there was no pleading on file asking for abatement of defendant's child support payments since defendant's *pro se* petition for reduction of child support had been stricken; (3) in the absence of a stipulation between the parties to abate child support and of a pleading asking for such relief, the trial court lacked subject-matter jurisdiction and "inherent power and authority" to enter the

March 16, 1993, order abating child support and, therefore, the order is void; (4) since the record must stand as if the March 16, 1993, order was never entered, the March 29, 1995, rule to show cause must be discharged; and (5) since the March 16, 1993, order abating defendant's child support is void, his original child support obligation is still in effect and he is liable for arrearage and for current support.

On October 13, 1995, defendant filed a motion to modify or abate child support, asking the court (in the event its orders of March 16, 1993, and September 12, 1994, are found to be void and are vacated) to reduce or abate defendant's child support, alleging a substantial change in circumstances had occurred in regard to the split-custody arrangement.

On October 18, 1995, plaintiff filed an amended motion to vacate, in which she also alleged the trial court was without jurisdiction to modify the custody of the minor child in its March 16, 1993, order. On that point, she alleged (1) there was no explicit order of custody when the judgment of parentage was entered and, pursuant to section 14(a)(2) of the Illinois Parentage Act of 1984 (Parentage Act) (750 ILCS 45/14(a)(2) (West 1992)), custody was thereby granted to plaintiff, since the order established defendant's child support obligation; (2) the stipulation entered into (March 1993) was therefore a stipulation to modify custody, rather than set initial custody; (3) sections 601 and 610 of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/601, 610 (West 1992)) require that modification of custody proceedings be initiated by a petition to modify, and the court must find by clear and convincing evidence that a change of circumstances has occurred and modification is necessary to serve the best interest of the child; (4) no such petition was filed, and no findings were made by the trial court in its March 16, 1993, order; and (5) therefore, the court lacked subject-matter jurisdiction and "inherent power and authority" to enter the order modifying custody.

Defendant submitted a request to admit facts to plaintiff that asked her to admit that (1) on March 9, 1993, she met with defendant and his attorney and reviewed the stipulation and signed it; (2) plaintiff reviewed the draft order signed by the court on March 16, 1993, which provided that the parties had agreed to abate child support payments; and (3) after the March 16, 1993, order, she stopped receiving child support payments from defendant and never informed him she believed he was improperly withholding the payments from her. Plaintiff filed objections to some of the questions, based upon the parol evidence rule.

Defendant filed a memorandum of law in response to plaintiff's

amended motion to vacate, in which he set forth a statement of facts, alleging that (1) he and plaintiff met in his attorney's office in March 1993, and they reviewed the stipulation and the draft order entered by the court on March 16, 1993; (2) plaintiff had orally agreed that defendant's child support should be abated and understood the issue was to be submitted for the court's approval; (3) in doing so, plaintiff authorized defendant's attorney to submit the stipulation and draft order reflecting the abatement of child support; (4) at no time after March 16, 1993, did plaintiff request or demand that the abated child support payments be resumed; and (5) the omission of the agreement on abatement of child support from the March 1993 stipulation was by inadvertence, and the draft order of March 16, 1993, accurately reflected the parties' agreement. The memorandum also alleged that should the trial court decide that its March 16, 1993, order was void, plaintiff should be estopped from enforcing any provision of the prior order for support or custody, arguing that defendant relied upon plaintiff's agreement to the terms of custody and support by ceasing all child support payments, providing for the child when he has physical custody, and continuing to provide medical insurance for him. The memorandum also argued that if the court vacated its March 16, 1993, order, the September 12, 1994, order should remain in effect because of the language in that order, providing the parties would abide by the unaltered terms of the stipulation. Defendant viewed this as a reaffirmance by plaintiff of the March 1993 stipulation. Defendant also asked that plaintiff be ordered to pay his legal fees because of her bad faith. The memorandum was supported by an affidavit from defendant which supported the factual allegations of the memorandum.

Plaintiff filed a motion asking that the memorandum be stricken, the defendant sanctioned, and that the trial judge recuse himself. The motion alleged the memorandum was an obvious attempt to present a factual scenario to the court prior to the hearing on plaintiff's motion to vacate and was an *ex parte* communication with the court as to what are arguably inadmissible facts and is an "end-run" around the objections made by plaintiff to the request to admit facts.

A hearing was held on November 20, 1995, on the motion to vacate. The court allowed plaintiff's motion to strike defendant's memorandum on the basis that it was filed too late, but allowed defense counsel to argue whatever she wanted from the memorandum. Defense counsel attempted to call defendant's former attorney, James Mullady, to testify as to how the March 1993 stipulation was reached and agreed to by the parties. The court allowed an offer of

proof in which Mullady testified that plaintiff indicated her agreement (at the March 9, 1993, meeting) to the fact of the child support abatement and joint custody. The court sustained plaintiff's objection to the proposed testimony. The court acknowledged the March 1993 stipulation did not state the parties were agreeing to abate child support, but found such an agreement to be fairly inferred from the contents of the stipulation. The court also noted it is desirable to encourage parties to agree upon matters of custody and child support, if possible. The court denied plaintiff's amended motion to vacate and found defendant's request to admit facts and motion to reduce or abate support moot. Plaintiff filed her notice of appeal. Defendant has filed a notice of cross-appeal, alleging that (1) plaintiff should be equitably estopped from enforcing the prior order on custody and child support; (2) the trial court erred in striking defendant's memorandum in opposition to plaintiff's motion to vacate; and (3) the order of September 12, 1994, should remain in force, even if the March 16, 1993, order is vacated.

■ Section 14(a)(2) of the Parentage Act provides that if a judgment of parentage contains no explicit award of custody, the establishment of a support obligation or visitation rights in one parent shall be considered a judgment granting custody to the other parent. Therefore, the original judgment of parentage operated to vest custody of the child in plaintiff.

■ Plaintiff points out that the March 16, 1993, order did not initially set custody; rather, it modified her sole custody of the child which was initially set in the judgment of parentage. She argues that the March 16, 1993, order is void because there were no pleadings on file requesting modification of custody or support. She also argues that the statutory scheme of the Marriage Act, with respect to modification of child custody and child support, limits the jurisdiction of the circuit court by requiring a motion or petition be filed requesting the relief sought. She notes that section 610(a) of the Marriage Act (750 ILCS 5/610(a) (West 1992)) refers to a "motion to modify a custody judgment," and that section 510(a) of the Marriage Act (750 ILCS 5/510(a) (West 1992)) also refers to the filing of a "motion for modification" of child support.

> "A judgment is void if the court lacked jurisdiction over the parties or subject matter, or if it 'lack[ed] the inherent power to enter the particular order involved.' [Citation.] It is axiomatic that a void judgment can be attacked at any time, directly or collaterally. ***
>
> *** Circuit courts have 'original jurisdiction of all justiciable matters' with only limited exceptions. [Citation.] A justiciable

question is one which involves the adverse legal interests of the parties. [Citation.] The court's authority to exercise its jurisdiction and resolve a justiciable question is invoked through the filing of a complaint or petition. [Citations.] These pleadings function to frame the issues for the trial court and to circumscribe the relief the court is empowered to order; a party cannot be granted relief in the absence of corresponding pleadings. [Citations.] Thus, the circuit court's jurisdiction, while plenary, is not boundless, and where no justiciable issue is presented to the court through proper pleadings, the court cannot adjudicate an issue *sua sponte*. Orders entered in the absence of a justiciable question properly presented to the court by the parties are void since they result from court action exceeding its jurisdiction." *Ligon v. Williams*, 264 Ill. App. 3d 701, 706-07, 637 N.E.2d 633, 637-38 (1994).

■ At oral argument in this appeal, plaintiff's counsel argued that a stipulation is not a pleading, a position with which we do not agree. Plaintiff has cited no cases in support of such an argument. In support of her argument that the March 16, 1993, order is void, she cites the *Ligon* case, in which plaintiff filed a complaint to establish defendant's paternity. Three attempts to serve defendant were unsuccessful. Finally, defendant was served and he, along with the assistant State's Attorney, appeared at a hearing. Plaintiff was not given notice of the hearing and was not present. Defendant admitted paternity, and the trial judge awarded custody to him. Plaintiff filed a petition under section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 1992)), seeking to have the court's order awarding custody vacated. The trial court denied her motion, and she appealed. The appellate court held the custody judgment void, noting that plaintiff had received no notice of the hearing. The court also noted plaintiff sought no relief on the custody issue in her complaint, nor had defendant filed any pleading asking for custody. Thus, the court acted without jurisdiction and its custody order was null and void. *Ligon*, 264 Ill. App. 3d at 709, 637 N.E.2d at 639. She also cites *Blisset v. Blisset*, 123 Ill. 2d 161, 526 N.E.2d 125 (1988), in which the court held that an agreement whereby a divorced mother agreed to waive future child support payments in return for the father foregoing future visitation was unenforceable. The court emphasized that modification of child support and visitation are exclusively judicial functions and that parents can create an enforceable agreement for modification of support only by petitioning the court for modification and then establishing, to the court's satisfaction, that an agreement reached between the parents is in the best interests of the children. *Blisset*, 123 Ill. 2d at 168, 526 N.E.2d at 128.

Plaintiff also cites this court's decision in *In re Marriage of*

*Azotea*, 200 Ill. App. 3d 182, 558 N.E.2d 550 (1990), where the trial court awarded a judgment to the wife for delinquent child support owed by the husband. However, the wife had not petitioned the court on the arrearage; the issue arose during the wife's testimony in which she stated she had withheld her own child support payments because the husband still owed her back child support. On appeal, this court reversed the award of back child support to the wife, holding there was no proper pleading before the court on that issue and that the court erred in determining the arrearage. *Azotea*, 200 Ill. App. 3d at 185, 558 N.E.2d at 553.

The *Blisset* case is inapplicable to the situation in the instant case. In *Azotea*, this court merely held it was error for the trial court to decide the arrearage issue, not that the court's order was void or that it lacked jurisdiction to enter the order. The *Ligon* case is also largely inapplicable because, in that case, the trial court had nothing whatsoever before it asking that custody of the child be awarded to one party or the other. In addition, the mother did not have notice that the court would decide the custody issue, and the order failed for that reason as well. In the instant case, the court had before it a stipulation signed by both parties stating that they would have joint legal and physical custody of the child. Stipulations which simplify, shorten, or settle litigation between parties are to be encouraged. They will be upheld unless they are fraudulent or contrary to public policy. *In re Marriage of Ealy*, 269 Ill. App. 3d 971, 974-75, 647 N.E.2d 307, 310 (1995). While there was no pending petition or motion before the trial court in this case, that fact alone will not deprive the court of the authority to act where the parties agree in a stipulation concerning some matter which requires resolution by the court.

■ Plaintiff also points out that two years from the date of the judgment of parentage had not passed prior to the March 16, 1993, order and there was no waiver of the two-year limitation on custody changes contained in section 610(a) of the Marriage Act. However, that section allows the parties to stipulate that a motion for change of custody may be filed within the two-year period. The stipulation by the parties in this case adequately fulfilled that requirement.

■ Plaintiff next argues that the March 16, 1993, order is void because of the provision in the order that the parties agreed to abate child support when there was no statement to this effect in the stipulation. Although this might otherwise be a difficult question, it is easier to resolve here because in the parties' September 12, 1994, stipulation, plaintiff, who was then represented by counsel, reaffirmed all provisions of the March 16, 1993, order not modified by the September 12, 1994, order. The provisions as to child support were not modified

by that order. We note that less than two years passed between the March 16, 1993, order and the September 12, 1994, stipulation and order. Therefore, plaintiff could have filed a motion to vacate the March 16, 1993, order under section 2—1401 of the Code. Instead, she indicated her agreement to the continued effectiveness of the child support abatement in the September 12, 1994, stipulation. Having done so, she may not now complain that the trial court exceeded its authority in entering the March 16, 1993, order.

In light of our decision, we need not address the issues raised in defendant's cross-appeal. For the reasons stated, the trial court's order denying plaintiff's amended motion to vacate is affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.