*In re* MARRIAGE OF RANDY NAU, Petitioner-Appellee, and KARRIE NAU, n/k/a Karrie Jokela, Respondent-Appellant.

Second District    No. 2—04—0985

■

Opinion filed March 4, 2005.

David L. Stretch, of Law Office of David L. Stretch, of Woodstock, for appellant.

No brief filed for appellee.

JUSTICE GROMETER delivered the opinion of the court:

Respondent, Karrie Nau, n/k/a Karrie Jokela, appeals the judgment of the circuit court of McHenry County denying her petition to vacate a court-sanctioned agreement between herself and her former spouse, petitioner, Randy Nau, regarding the custody of and child support for the parties' son. We affirm.

The parties' marriage was dissolved on April 17, 1991. The judgment of dissolution provided for joint custody of the parties' only child, Corey, in accordance with a joint parenting agreement. The joint parenting agreement stated that Corey's primary residence would be with respondent, but granted petitioner visitation. In addition, the joint parenting agreement required petitioner to pay child support to respondent in the amount of $42 per week and to pay 40% of any out-of-pocket day-care expenses. Finally, the joint parenting agreement provided that respondent would carry medical and dental insurance for Corey through her employer's insurance plan.

On July 10, 1991, petitioner filed a petition to abate child support. In support of the petition, petitioner stated that he had been fired from his job and that he was unable to meet his child-support obligation because he was not earning any income. On July 16, 1991, the trial court entered an order stating that petitioner's child-support obligation would "temporarily accrue without a finding of contempt and without interest." On June 2, 1995, respondent filed a petition

seeking to (1) increase petitioner's child-support obligation; (2) require petitioner to pay half of Corey's day-care expenses; and (3) compel petitioner to provide medical and dental insurance for Corey through petitioner's employer. On August 8, 1995, the trial court entered an amended support order requiring petitioner to pay $116.28 semi-monthly as child support.

On September 9, 1997, the trial court entered the agreed order that is the subject of the present appeal. The agreed order states in relevant part:

"This matter coming on pursuant to agreement of the parties, the parties appearing in their own proper persons, the parties having reached an agreement to modify the Judgment for Dissolution of Marriage as it pertains to custody and support, and the Court being fully advised in the premises:

IT IS HEREBY AGREED AND ORDERED:
* * *

2. That a Judgment for Dissolution of Marriage and Joint Parenting Agreement provided in part that the parties shall have the joint legal custody of the minor child, namely: COREY and the Respondent[ ] shall be the residential custodian.

3. That the parties agree that it would be in the best interests of the minor child, namely: COREY to modify the minor child's residential circumstances to allow for the child to reside on an alternate monthly basis with both the Petitioner *** and the Respondent ***. The parties further agree that they shall keep in full force and effect the terms and conditions of the Joint Parenting Agreement and agree that each parent shall be considered as the residential custodian parent on alternate months.

4. That the [Petitioner's] obligation to contribute as and for child support in light of the residential circumstances is hereby abated. That the issue of any child support between the parties is hereby reserved.

5. That all other conditions of the Judgment for Dissolution of Marriage shall remain in full force and effect."

Both parties' signatures appear on the agreement, as does the signature of Jeffrey C. Ericksen, the attorney who prepared the agreed order. The trial court judge also signed the agreement.

On November 17, 2003, respondent filed, pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2002)), a petition to vacate the agreed order entered on September 9, 1997. In her petition to vacate, respondent argued that the agreed order is void. Citing to section 511 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/511 (West 2002)),

respondent alleged that in order to modify custody or child support, the trial court must first be presented with a petition requesting such relief. In this case, respondent asserted, neither party filed a petition to modify custody or abate child support. Instead, the parties simply submitted the agreed order to the court for approval. Respondent reasoned that because the trial court entered the agreed order without the benefit of any pleadings, no justiciable issue was before the trial court on September 9, 1997, and the agreed order is void.

Following a hearing, the trial court denied respondent's petition to vacate the September 9, 1997, agreed order. The trial court found that "the Court [approving the September 9, 1997, agreed order] did have something before it in writing signed by each of the parties on which to act." Accordingly, the trial court concluded that the court had the authority to enter the agreed order and that it was valid and enforceable. Respondent timely appealed.

Prior to addressing respondent's contentions, we note that petitioner has failed to file an appellee's brief. However, because the record is short and the issue raised by respondent is straightforward, we will decide the merits pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

■ Respondent initially claims that the September 9, 1997, agreed order is void because it was entered without either party having presented to the court a petition as required by section 601 of the Act (750 ILCS 5/601 (West 2002)).

Section 601(d) of the Act provides:

> "Proceedings for modification of a previous custody order commenced more than 30 days following the entry of a previous custody order must be initiated by serving a written notice and a copy of the petition for modification upon the child's parent, guardian and custodian at least 30 days prior to hearing on the petition." 750 ILCS 5/601(d) (West 2002).

The purposes of these pleading requirements are to present, define, and narrow the issues and limit the proof needed at trial (*Golf Trust of America, L.P. v. Soat*, 355 Ill. App. 3d 333 (2005)) and to ensure that the opponent has sufficient time to prepare for the hearing and an opportunity to be heard (*In re Jill R.*, 336 Ill. App. 3d 956, 963 (2003)). The agreed order submitted to the trial court on September 9, 1997, was not styled as a "petition." Nevertheless, it was signed by both parties. The agreed order also indicates that both parties appeared before the court. Thus, the purposes of section 601, including providing notice and alerting the parties about the subject matter of the controversy, were satisfied.

Respondent also argues that, prior to signing the agreed order, the

trial court neither heard any evidence, held a hearing, nor made any finding that the modification was in Corey's best interest. However, the agreed order provides that the trial court was "fully advised in the premises." Under these circumstances, we presume that the trial court heard adequate evidence, received enough information, or listened to sufficient law and argument to enable it to reach what it believed to be the right decision on the issue presented. *People v. Cranford*, 119 Ill. App. 3d 226, 231 (1983).

We find support for our decision in *People ex rel. Gibbs v. Ketchum*, 284 Ill. App. 3d 70 (1996). *Gibbs* involved a paternity action in which a judgment of parentage and an order for child support were entered on May 7, 1992. On March 10, 1993, a "Stipulation to Set Custody and Joint Parenting Agreement" was filed. The stipulation, which was signed by both parties, was prepared by the father's attorney, and the mother signed a waiver acknowledging her election to proceed without counsel. On March 16, 1993, the trial court entered an order approving the stipulation. The order stated, *inter alia*, that the parties agreed to share joint legal and physical custody of the minor and to abate child-support payments. The order also stated that the court reviewed the stipulation and found it to be "fair, reasonable, not unconscionable, and in the best interest of the child." *Gibbs*, 284 Ill. App. 3d at 72.

On April 28, 1995, the mother filed a motion to vacate the March 16, 1993, order. The motion alleged, *inter alia*, that: (1) the March 10, 1993, stipulation contained no agreement to abate child support, although the March 16, 1993, order approving the stipulation made such a finding; (2) prior to entry of the March 16, 1993, order, there was no pleading on file asking for abatement of the father's child-support payments; and (3) in the absence of a stipulation between the parties to abate child support and of a pleading asking for such relief, the trial court lacked subject matter jurisdiction and the authority to enter the March 16, 1993, order. On October 18, 1995, the mother filed an amended motion to vacate, in which she also alleged that the trial court was without jurisdiction to modify the custody of the minor child because the court had not been presented with a petition to modify. The trial court denied the mother's amended motion to vacate.

On appeal, the reviewing court affirmed. *Gibbs*, 284 Ill. App. 3d at 79. The *Gibbs* court determined that a stipulation qualified as a pleading. *Gibbs*, 284 Ill. App. 3d at 77. More important for our purposes, however, the *Gibbs* court also held that the absence of a pending petition or motion before the trial court does not deprive the trial court of the authority to act where the parties agree concerning some matter that requires resolution by the court. *Gibbs*, 284 Ill. App. 3d at 78. The *Gibbs* court reasoned that "[s]tipulations which simplify, shorten,

or settle litigation between parties are to be encouraged" and "will be upheld unless they are fraudulent or contrary to public policy." *Gibbs*, 284 Ill. App. 3d at 78.

■ In this case, the trial court was presented with an agreed order regarding Corey's custody and petitioner's obligation to pay child support. Both parties and the trial court judge signed the document. The document further states that the trial court was "fully advised in the premises" and that the parties agreed that the arrangement was in the best interests of the minor child. The agreement simplified and settled litigation between the parties. Under these circumstances, we affirm the decision of the trial court denying respondent's motion to vacate the agreed order.

Respondent attempts to distinguish *Gibbs* on the basis that the agreement in *Gibbs* was a stipulation. However, we discern no appreciable difference between the stipulation involved in *Gibbs* and the agreed order involved in this case. A stipulation has been defined as "[a] voluntary agreement between opposing parties concerning some relevant point." Black's Law Dictionary 1427 (7th ed. 1999). The agreed order entered into by the parties on September 9, 1997, also constituted a voluntary agreement between opposing parties concerning a relevant issue.

Respondent also claims that *Gibbs* conflicts with another case from the Fourth District, *In re Marriage of Fox*, 191 Ill. App. 3d 514 (1989). We disagree. In *Fox*, the Fourth District held that the trial court order modifying custody of the parties' children was void because the only matter before the trial court was a petition for a finding of contempt with respect to visitation. In contrast, the parties in this case came to a voluntary agreement regarding the residence of and child support for Corey. *Fox*, 191 Ill. App. 3d at 520-21. Thus, *Fox* is readily distinguishable from the instant case.

In addition, respondent cites numerous cases that, she claims, call into question the validity of the agreed order entered in this case. However, in the cases cited by respondent, either the trial court granted relief not requested by the parties (as in *Fox*) or the parties failed to receive court approval of their agreement. For instance, *Blisset v. Blisset*, 123 Ill. 2d 161 (1988), involved an agreement whereby the parties agreed to waive the father's child-support payments in exchange for the father surrendering visitation. The supreme court found the agreement unenforceable because the parties failed to seek judicial approval of the agreement. *Blisset*, 123 Ill. 2d at 168. In *Ligon v. Williams*, 264 Ill. App. 3d 701 (1994), the reviewing court reversed a trial court order awarding custody of the parties' daughter to the father because the petition at issue, which was brought under the Il-

linois Parentage Act of 1984 (750 ILCS 45/1 *et seq.* (West 1992)), did not seek a ruling on custody. *Ligon*, 264 Ill. App. 3d at 708; see also *In re Custody of Ayala*, 344 Ill. App. 3d 574, 584 (2003) (holding that trial court improperly awarded custody of child to the child's stepmother and grandparents where no pleading in the case was directed at such relief and the child's mother had no notice that the issue would be considered); *William J. Templeman Co. v. Liberty Mutual Insurance Co.*, 316 Ill. App. 3d 379, 388 (2000) (holding that trial court did not have jurisdiction to adjudicate action for malicious prosecution when matter before it was limited to motion for sanctions); *In re Marriage of Zukausky*, 244 Ill. App. 3d 614, 618-19 (1993) (concluding that trial court's authority to modify child support was limited to relief sought in petition); *In re J.K.*, 229 Ill. App. 3d 569, 573-74 (1992) (noting that court is without authority to revoke minor's probation without having before it a petition requesting such relief); *Ottwell v. Ottwell*, 167 Ill. App. 3d 901, 908-09 (1988) (holding that the trial court erred in unilaterally modifying past-due and future child-support payments where the only petition before the court was a petition for citation alleging that the respondent was in arrears in his child support).

Finally, we note that respondent's reliance on our recent decision of *In re Marriage of Smith*, 347 Ill. App. 3d 395 (2004), is misplaced. *Smith* stands for the proposition that extrajudicial agreements to modify support are unenforceable. *Smith*, 347 Ill. App. 3d at 399-400. In this case, the parties' agreement was sanctioned by the court. Indeed, in *Smith* we stated:

> "[P]arents may create an enforceable agreement for modification of child support only by petitioning the court for support modification and then establishing, to the satisfaction of the court, that an agreement reached between the parents is in accord with the best interests of the children." *Smith*, 347 Ill. App. 3d at 400.

As we concluded above, the parties in this case did petition the court for support modification by appearing in person and presenting the agreed order for approval. Moreover, the court approved the agreement, thereby establishing that the arrangement was in Corey's best interest.

For the reasons stated above, we affirm the judgment of the circuit court of McHenry County denying respondent's petition to vacate the September 9, 1997, agreed order.

Affirmed.

O'MALLEY, P.J., and CALLUM, J., concur.