2016 IL App (1st) 142864
No. 1-14-2864
Opinion filed March1, 2016

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| STEVEN MARSHALL, as a Representative of All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) ) | No. 10 L 3070 |
| v. | ) ) | |
| THE COUNTY OF COOK, | ) ) ) | The Honorable LeRoy Martin, Judge, presiding. |
| Defendant-Appellee. | ) | |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Pierce and Justice Simon concurred in the judgment and opinion.

**OPINION**

¶ 1    Steven Marshall sued Cook County alleging the county misused funds collected from litigation fees by failing to use them for the purposes stated in the enabling statutes. The trial court dismissed Marshall's third-amended complaint with prejudice under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2012)) on the ground that Marshall lacked standing—only the Cook County State's Attorney could bring the claim. Marshall contends: (i) as a taxpayer, he has standing to sue the county to recover any funds not spent for authorized purposes under the statute; and (ii) he should have been permitted to file a fourth-

amended complaint and proceed on a *mandamus* action. We reject both contentions and affirm. The enabling statutes do not provide for a private cause of action and in the absence of evidence of Marshall's personal liability to replenish public revenues depleted by the alleged misuse, he lacks standing to bring a taxpayer lawsuit. Further, after the circuit court dismissed his complaint with prejudice, Marshall had no statutory right to amend, and the court correctly denied him leave to amend his complaint

¶ 2                                           BACKGROUND

¶ 3         In 2010, Steven Marshall filed a complaint against Cook County alleging improper diversion of fees that were to be used for providing security in Cook County circuit courts, seeking a declaration that the county's conduct was unlawful and an order that the fees be returned to those who paid them, placed in a fund under the control of the chief judge of the circuit court, or by order of the supreme court, be used exclusively for the benefit of the judicial branch.

¶ 4         Marshall filed two amended complaints in 2010 and then in September 2013, filed a third-amended complaint, which was styled as a class action. The complaint alleged that he, and others similarly situated, paid statutory fees when filing a first pleading, paper, or other appearance in the circuit court of Cook County to: (1) defray the cost of court security (55 ILCS 5/5-1103 (West 2012)), (2) establish and maintain automated record keeping systems in circuit court clerks' offices in Illinois (705 ILCS 105/27.3a (West 2012)), and (3) establish and maintain a document storage system in the circuit court clerks' offices (705 ILCS 105/27.3 (West 2012)). Marshall alleged that the county refused to use the fees for the specific purposes set out in the enabling statutes and instead uses them for discretionary general revenue. He also alleged that

without any statutory authority the county improperly diverts 9% from a series of court funds for "Cook County Administration" which is designated as "Fund 883."

¶ 5 In count I, Marshall alleged an unauthorized taking of property in violation of 42 U.S.C. § 1983 involving the county's use of the statutory fees as general revenue rather than for the purposes authorized by statute. He asked for compensatory and exemplary damages and attorney fees. 42 U.S.C. § 1983 (2006). In counts II and III, Marshall asked that the county be compelled to use the fees for their statutory purposes or return them to him and other litigants who paid them. Count IV alleged the fees are a general tax and violate the Uniformity Clause of the Illinois Constitution (Ill. Const. 1970, art. IX, § 4(a)) and asks that the fees be returned to him and other litigants or placed in a fund under the control of the chief judge of the circuit court to be used for the exclusive benefit of the judicial branch.

¶ 6 The county filed a combined motion to dismiss under section 2-619.1 of the Code asking the court to strike that part of Marshall's complaint referring to a represented class and any request for class certification, because Marshall was never granted leave to request class certification. 735 ILCS 5/2-619.1 (West 2012). The county also asked that the complaint be dismissed under section 2-615 of the Code on the ground that the enabling statutes do not provide for a private right of action nor is plaintiffs' alleged injury one in which the statutes were designed to prevent and thus plaintiffs have alleged no injury for which relief could be granted. 735 ILCS 5/2-615 (West 2012). The county further argued under section 2-619(a)(9) of the Code that plaintiffs lack standing to assert their claims because the enabling statute does not recognize a private right of action by a taxpayer and that because the county is the real party in interest, only the State's Attorney has the power to bring these claims on behalf of the county. 735 ILCS 5/2-619(a)(9) (West 2012).

¶ 7    After a hearing, the trial court granted the county's motion to dismiss with prejudice. The court found that "this is [not] a taxpayer case," that Marshall did not have standing, and that any claim, if there is one, would need to be brought by the Cook County State's Attorney. Marshall filed a motion to reconsider, in which he also asked the circuit court to hear his motion to disqualify the State's Attorney and to grant him leave to file a fourth-amended complaint so that the case could proceed as a *mandamus* action. The court denied the motion to reconsider, reiterating that there is no private cause of action under the enabling statutes and that Marshall lacked standing. The court also denied Marshall's motion to disqualify the State's Attorney.

¶ 8    Marshall now argues that the trial court erred in: (1) finding that he did not have standing and that only the Cook County State's Attorney could bring a lawsuit challenging the county's use of court fees; and (2) denying him leave to file a fourth-amended complaint so that he could proceed with a *mandamus* action. The county asks us to affirm the dismissal of Marshall's complaint and find that the circuit court did not err in refusing to grant Marshall leave to file a fourth-amended complaint or his request that the State's Attorney be disqualified. Marshall did not file a reply brief.

¶ 9                              ANALYSIS

¶ 10                              Standing

¶ 11    Marshall contends the trial court should have found that he, not the State's Attorney, had standing. He asserts that the circuit court erred in finding that the absence of a private right of action under the statutes to be grounds for dismissal because as a taxpayer, he has standing to file a claim objecting to the misuse of public funds.

¶ 12    The Illinois Supreme Court has propounded a four-part test to determine if a statute implies a private right of action. The following elements must be satisfied: (1) the plaintiff

belongs to the class for whose benefit the statue was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for the statute's violation. *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 460 (1999). See also *Givot v. Orr*, 321 Ill. App. 3d 78, 87 (2001) (finding that cause of action was not implied by statute where third and fourth elements not shown).

¶ 13     Marshall is not a member of the class intended to be benefited by the statutes—the statutes are intended to benefit counties that want to reduce court security costs or establish and maintain document storage or automated recordkeeping systems. Further, a private right of action is inconsistent with that underlying purpose and not necessary to provide an adequate remedy, as the circuit court noted, since the Cook County State's Attorney can bring an action for any alleged violations. Thus, the circuit court correctly ruled that no private right of action exists under the enabling statutes.

¶ 14     The doctrine of standing ensures that issues are raised only by parties with a real interest in the outcome of the controversy. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004). To have the requisite standing to maintain an action, a plaintiff must complain of some injury in fact to a legally cognizable interest. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492 (1988). The alleged injury must be: (1) distinct and palpable; (2) fairly traceable to the defendant's actions; and (3) substantially likely to be prevented or redressed by the requested relief. *Id*. at 492-93. The plaintiff need not "allege facts establishing that he [or she] has standing to proceed" but "[r]ather it is the defendant's burden to plead and prove lack of standing." *Wexler*, 211 Ill. 2d at 22. "A complaint may be involuntarily dismissed for lack of standing pursuant to section 2-619(a)(9) of the Code." *Lyons v. Ryan,* 201 Ill. 2d 529, 534 (2002).

Dismissal is mandated where a plaintiff lacks standing, because that deficiency negates the very cause of action. *Wexler*, 211 Ill. 2d at 22. We review an order dismissing a complaint for lack of standing *de novo* (*In re Estate of Schlenker,* 209 Ill. 2d 456, 461 (2004)) and may affirm on any basis present in the record regardless of the basis relied on by the trial court. *Wofford v. Tracy,* 2015 IL App (2d) 141220, ¶ 27.

¶ 15    Marshall claims that as a taxpayer he possesses standing to challenge how the county spends the court fees at issue. "Taxpayer standing is a narrow doctrine permitting a taxpayer the ability to challenge the misappropriation of public funds." *Illinois Ass'n of Realtors v. Stermer*, 2014 IL App (4th) 130079, ¶ 29. "It has long been the rule in Illinois that citizens and taxpayers have a right to enjoin the misuse of public funds, and that this right is based upon the taxpayers' ownership of such funds and their liability to replenish the public treasury for the deficiency caused by such misappropriation." *Barco Manufacturing Co. v. Wright,* 10 Ill. 2d 157, 160 (1956). But, taxpayer standing turns on the plaintiff's liability to replenish public revenues depleted by an allegedly unlawful government action. *Barber v. City of Springfield,* 406 Ill. App. 3d 1099, 1102 (2011). "Such taxpayers have a legally cognizable interest in their tax liability, their increased tax liability is a specific injury, and their injury is redressable by an injunction against the challenged governmental expenditure of tax funds." *Id*.

¶ 16    Marshall presented no evidence showing that as a taxpayer he has been or will be liable for increased taxes due to the collection and alleged misappropriation of fees that were supposed to be allocated to court security, automated record keeping systems, and document storage. Marshall contends that "taxpayers *** have the right to complain through the Illinois court system and correct and recover for any misapplication of public funds." But, as noted, taxpayer standing requires a specific showing that the plaintiff will be liable to replenish public revenues

depleted by the misuse of those funds. Absent allegations that Marshall bears any liability or that any pecuniary loss adversely impacts all taxpayers, he has no legally cognizable interest as a taxpayer in the outcome of this lawsuit. *Stermer*, 2014 IL App (4th) 130079, ¶ 30 (finding plaintiffs failed to establish standing where they did not demonstrate they were responsible for replenishing public revenues).

¶ 17        Marshall mistakenly relies on *County of Cook ex rel. Rifkin v. Bear Stearns & Co.*, 215 Ill. 2d 466 (2005), to support his standing argument. First, *Rifkin* is factually distinct. *Rifkin* involves a derivative lawsuit filed by taxpayers on behalf of Cook County against third-party defendants not a claim against the county. Further, the holding in *Rifkin* supports a finding that the State's Attorney, rather than Marshall is the proper party to bring this action.

¶ 18        In *Rifkin*, plaintiffs sued Bear Stearns under Illinois statutory and common law to recover, on behalf of Cook County, alleged improper overcharges Bear Stearns made in orchestrating the county's bond refinancing plan. *Id*. at 469. Plaintiffs brought breach of contract and breach of fiduciary duty claims against the accounting firm that verified the accuracy of the county's escrow account, and the financial advisors for the bond refinancing plan. *Id*. at 470. The basis for the statutory claim against Bear Stearns was article XX (Recovery of Fraudulently Obtained Public Funds) of the Code (735 ILCS 5/20-101 *et seq*. (West 2004)). A private citizen residing within the boundaries of the affected governmental unit is authorized to sue on behalf of the governmental unit; provided however, he or she sends a certified letter to the appropriate government official stating the intention to sue, and the official does not, within 60 days, sue, send notice of a settlement, or state intention to sue within 60 days. 735 ILCS 5/20-104(b) (West 2004).

¶ 19  The Illinois Supreme Court affirmed dismissal of the complaint based on lack of standing. Section 20-104(b) was held unconstitutional to the extent it purported to confer standing on private citizens to sue when the county (the only entity that would benefit from plaintiffs' successful lawsuit) was the real party in interest. The State's Attorney is presumed to act in the interests of the county, and his or her constitutional power to direct the county's legal affairs may not be removed by statute. *Rifkin*, 215 Ill. 2d at 476. Plaintiffs lacked common law taxpayer standing having not alleged the county was complicit in the alleged fraud. *Id*. at 471.

¶ 20  Marshall notes that in *Rifkin*, the supreme court stated that in cases of alleged official misconduct, "a public officer who has committed a breach of duty may be unable or unwilling to make an objective, dispassionate decision about bringing suit and, in fact, may be able to prevent the public body involved from filing an appropriate action. In those circumstances, a taxpayer suit may provide the only means of remedying official misconduct." *Id*. at 480-81. Marshall asserts this language supports a finding that the proper party to bring this suit is the taxpayer. But he fails to explain why the State's Attorney is not the proper party to bring this claim. The State's Attorney, after all, is presumed to act in the interests of the county and has not been accused of any misconduct or breach of fiduciary duty. Thus, under the holding in *Rifkin*, the proper party is the State's Attorney, not Marshall.

¶ 21  Alternatively, Marshall contends that even if only the State's Attorney has been authorized to bring the action under the enabling statutes, the State's Attorney has a conflict of interest and should be disqualified. He asserts the State's Attorney representation of Cook County renders her unable to be objective in a case involving allegations that the county committed financial improprieties. He argues that the circuit court should have appointed a special State's Attorney to represent the county. (We note that Marshall filed a motion to

disqualify on August 12, 2013, and, although the disqualification issue was briefly argued, nothing in the record shows that the circuit court ruled on that motion. Marshall raised the issue again in his motion to reconsider, and the trial court denied the motion.)

¶ 22    A trial court's decision to grant a motion to disqualify will not be disturbed absent an abuse of discretion. *In re Marriage of Stephenson*, 2011 IL App (2d) 101214. A *per se* conflict of interest exists when the same attorney appears during the same proceedings on behalf of different clients. *In re Darius G.*, 406 Ill. App. 3d 727 (2010). In that situation, prejudice is presumed. *Id.* at 739. The supreme court has held that the only situations in which the State's Attorney or the Attorney General could be considered to be interested so as to authorize appointment of a special Attorney General or State's Attorney are where (1) he or she is interested as a private individual; and (2) he or she is an actual party to the litigation. See *Environmental Protection Agency v. Pollution Control Board*, 69 Ill. 2d 394, 400-01 (1977). The State's Attorney is not an actual party in this litigation, and the record does not support a finding that she has a private individual interest in the litigation. Thus, the circuit court did not abuse its discretion in denying Marshall's motion to disqualify.

¶ 23    Marshall also contends that in granting the motion to dismiss, the circuit court mistakenly accepted the County's argument that under *Zammaron v. Pucinski*, 282 Ill. App. 3d 354 (1996) and *Rose v. Pucinski*, 321 Ill. App. 3d 92 (2001), the County may use litigation fees in any way it deems appropriate regardless of the language in the enabling statutes. First, neither case stands for that broad proposition. *Zammaron* held that a court automation surcharge was constitutional absent evidence that that funds obtained from the surcharge were being used for non-court related purposes. *Zammaron*, 282 Ill. App. 3d at 362. And in *Rose*, the court held that funding a mandatory arbitration program through a fee on all circuit court civil filings including in cases

that did not qualify for mandatory arbitration was not unconstitutional. *Rose*, 321 Ill. App. 3d at 98. More significantly, however, is that the circuit court did not rely on either case in reaching its decision. Though both parties raised arguments about the applicability of *Zammaron* and *Rose* during the hearing on the County's motion to dismiss, the trial court's orders granting the motion and denying Marshall's motion to reconsider do not mention either case. Nor did the court discuss those cases during oral argument. Because the circuit court found that Marshall lacked standing and that the enabling statutes do not provide for a private right of action, discussion of those cases or their applicability to Marshall's claims, was wholly unnecessary.

¶ 24                                                        *Mandamus*

¶ 25        Lastly, Marshall asserts the circuit court should have granted his request to file a fourth-amended complaint, which was included in his motion to reconsider. Marshall sought leave to amend his complaint "to conform to the proofs that Defendant has failed to properly use the funds collected under the relevant statute" and to proceed as a *mandamus* action.

¶ 26        Section 2-616(a) of the Code provides that at any time *before* final judgment, the court may permit amendments on just and reasonable terms to enable the plaintiff to sustain the claim brought in the suit. 735 ILCS 5/2-616(a) (West 2012). In considering whether a circuit court abused its discretion in ruling on a motion for leave to file an amended complaint, the reviewing court considers the following factors: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleadings could be identified." (Internal quotation marks omitted.) *Compton v. Country Mutual Insurance Co.*, 382 Ill. App. 3d 323, 332 (2008). "Whether to allow an amendment of a complaint is a matter within the sound discretion of the trial court, and,

absent an abuse of that discretion, the court's determination will not be overturned on review." *Village of Wadsworth v. Kerton*, 311 Ill. App. 3d 829, 842 (2000).

¶ 27 The entry of final judgment cuts off the plaintiff's statutory right to amend a complaint. See *Tomm's Redemption, Inc. v. Hamer*, 2014 IL App (1st) 131005, ¶ 14. Section 2-616(a) of the Code allows amendments before a final judgment. 735 ILCS 5/2-616(a) (West 2012). After final judgment, however, a complaint may only be amended to conform the pleadings to the proofs. 735 ILCS 5/2-616(c) (West 2012).

¶ 28 Dismissal of a complaint with prejudice is final. See *DeLuna v. Treister,* 185 Ill. 2d 565, 573 (1999). Marshall's request to file a fourth-amended complaint came *after* the entry of a final judgment. Although Marshall characterizes his request as one "to conform the pleadings to the proofs," what he seeks is to amend so he can proceed with a *mandamus* action. Once final judgment has been obtained, section 2-616(c) bars a plaintiff from either adding new claims and theories or correcting other deficiencies. *Tomm's Redemption,* 2014 IL App (1st) 131005, ¶ 14. Thus, the trial court properly denied his motion.

¶ 29 Marshall's reliance on *Lawson v. Hill*, 77 Ill. App. 3d 835 (1979), for the proposition that "the greatest liberality should be applied in allowing amendments and that the most important question is whether the amendment will be in the furtherance of justice" is misplaced. In *Lawson*, the issue was whether the trial court "abused its discretion in allowing plaintiff to amend his pleadings at the close of the evidence" (*id*. at 844), not *after* a final judgment. We conclude that the denial of leave to amend to proceed as a *mandamus* action was not a manifest abuse of the circuit court's discretion.

¶ 30 Affirmed.