2022 IL App (2d) 210696-U
No. 2-21-0696
Order filed August 22, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| RAUL TEJADA, individually, and on behalf of all others similarly situated, and ALEJANDRO VALENCIA, on behalf of himself and all others similarly situated, | ) ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiffs-Appellants, | ) ) ) | |
| v. | ) ) | Nos. 17-L-189, 17-L-388 |
| THERESA E. BARREIRO, as successor to Thomas M. Hartwell, as Circuit Court Clerk, Kane County, Illinois; MICHAEL J. KILBOURNE, as successor to David J. Rickert, as Treasurer of Kane County, Illinois; and KANE COUNTY, ILLINOIS, a body politic, | ) ) ) ) ) ) ) ) | |
| | ) ) | Honorable Kevin T. Busch, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court properly dismissed the plaintiffs' complaints; the trial court did not abuse its discretion in dismissing the plaintiffs' complaints with prejudice.

¶ 2    The plaintiffs, Raul Tejada and Alejandro Valencia, filed complaints against the Kane County Circuit Court Clerk (Clerk), the Kane County Treasurer, and Kane County seeking

damages for the Clerk's improper assessment of certain fees. The circuit court of Kane County dismissed the plaintiffs' complaint with prejudice. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     In 2014, the circuit court entered an order of default and a judgment of foreclosure against Tejada in *Everbank v. Raul Tejada, et al.*, No. 13-CH-2185 (Cir. Ct. Kane County). Tejada subsequently filed a motion to vacate the default judgment of foreclosure. The Clerk charged Tejada a $75 fee.

¶ 5     In 2017, the circuit court dismissed Valencia's action in No. 16-L-360 (Cir. Ct. Kane County) for want of prosecution. Thereafter, Valencia filed a motion to vacate that dismissal. The Clerk charged Valencia a $50 fee to have the case reinstated, which Valencia's attorney paid.

¶ 6     A section of the Clerks of Courts Act (Act), applicable to Kane County when the plaintiffs filed their motions to vacate, authorizes the circuit clerk to charge between a minimum of $50 and a maximum of $90 when a party files a "[p]etition to vacate or modify any final judgment or order of court" in most civil cases. 705 ILCS 105/27.1(g)(1),(2) (West 2014). The key word there is final—that is, that the fee applies only to final judgments. Neither the judgment of foreclosure entered in Tejada's case nor the dismissal for want of prosecution entered in Valencia's case were final orders. See *EMC Mortgage Corp v. Kemp*, 2012 IL 113419, ¶¶ 10-11 (a judgment of foreclosure is not a final judgment because it does not dispose of all issues and does not terminate the litigation); *Alderson v. Weinstein*, 2018 IL App (2d) 170498, ¶ 3 (a dismissal for want of prosecution does not become final until the one-year period to refile a claim has expired). Accordingly, the Kane County Circuit Clerk was not statutorily authorized to charge either Tejada or Valencia a fee to reinstate their cases.

¶ 7       On April 5, 2017, Tejada filed a class action complaint. On July 25, 2017, Valencia filed a class action complaint. Both complaints alleged that the Clerk had improperly charged and collected fees for filing petitions to reconsider, vacate, or modify interlocutory orders. Each of the complaints alleged a violation of the Act, alleged unjust enrichment, and sought a declaratory judgment and an injunction. The plaintiffs sought damages, including pre and post-judgment interest, costs and attorney fees. Tejada's and Valencia's actions were ultimately consolidated.

¶ 8       At the time Tejada and Valencia filed their complaints, many other courts were considering the same issue of whether county circuit clerks had been improperly charging fees for parties to vacate or modify non-final orders. As a result, the trial court stayed the proceedings on two different occasions as it waited for guidance from the Illinois appellate courts.

¶ 9       On March 7, 2018, the Illinois Appellate Court, First District, issued the first decision that the circuit court had stayed the proceedings for, *Midwest Medical Records Ass'n, Inc. v. Brown*, 2018 IL App (1st) 163230. In that case, the court held that the fees at issue were not authorized by statute and that litigants could seek equitable relief of a declaratory judgment and the return of their fees in the form of restitution. *Midwest*, 2018 IL App (1st) 163230, ¶ 52. The court additionally held that the plaintiffs could not seek damages that included costs and attorney fees because the Act did not afford the plaintiff a private cause of action to seek redress because the plaintiff already had an adequate remedy to recover. *Id.*

¶ 10      After the *Midwest* decision, the trial court lifted the stay and granted the defendants' motion to dismiss those parts of the plaintiffs' complaint that alleged a private cause of action under the Act. The trial court denied the defendants' motion to dismiss the plaintiff's claims for unjust enrichment.

¶ 11 On May 20, 2021, the trial court stayed the proceedings pending the supreme court's decision in *Walker v. Chasteen* but allowed the plaintiff to file an amended complaint and an amended motion to certify a class. On June 17, 2021, the supreme court held in *Walker* that the voluntary payment doctrine does not bar an action for the return of circuit court filing fees. *Walker v. Chasteen*, 2021 IL 126086, ¶¶ 23-28.

¶ 12 On June 23, 2021, the plaintiffs filed amended complaints. The plaintiffs continued to seek damages. On July 22, 2021, the defendants filed a motion to dismiss the plaintiffs' amended complaints pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)).

¶ 13 On October 4, 2021, the trial court dismissed the plaintiffs' complaints with prejudice. Relying on *Midwest*, the trial court found that the plaintiffs could not pursue an action for damages; rather, they could only seek restitution. The trial court rejected the plaintiffs' argument that their unjust enrichment claims essentially sought restitution. Relying on *Board of Managers of Hidden Lake Townhome Owners Ass'n v. Green Trails Improvement Ass'n*, 404 Ill. App. 3d 184, 193 (2010), the trial court found that unjust enrichment was based on an implied contract between the parties. Because the Act governed the relationship between the parties, the trial court found there was nothing implied between the plaintiffs and the defendants. As such, the trial court found that the plaintiffs unjust enrichment claim failed. As the trial court found that the plaintiffs had failed to allege a valid cause of action, it dismissed their complaints with prejudice.

¶ 14 The plaintiffs thereafter filed a motion to reconsider. On October 28, 2021, following a hearing, the trial court denied the plaintiffs' motion. The trial court explained:

"But you chose to go on one—one count of unjust enrichment. There was plenty of opportunity in advance of our last court date to have sought to amend your complaint.

I am not going to drag this thing out any longer. Its life *** as far as the trial court is concerned has ended."

¶ 15    Following the trial court's ruling, the plaintiffs filed a timely notice of appeal.

¶ 16                                II. ANALYSIS

¶ 17    On appeal, the plaintiffs argue that (1) the trial court erred in dismissing their complaint because their existing pleadings properly sought restitution; (2) even if their complaint insufficiently sought restitution, they should be allowed to amend their complaint because they can state a cause of action for restitution; and (3) this court should hold that an implied cause of action exists for violation of the Act.

¶ 18    The trial court's decision to grant a section 2-615 motion to dismiss is subject to *de novo* review. *Luise, Inc. v. Village of Skokie*, 335 Ill. App. 3d 672, 685 (2002). The question is "whether the allegations in the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Id.* A motion to dismiss pursuant to section 2-615 challenges the legal sufficiency of the complaint by claiming defects exist on the face of the complaint. *Cwikla v. Sheir*, 345 Ill. App. 3d 23, 29 (2003). In considering a section 2-615 motion to dismiss, "the court may not consider affidavits, products of discovery, documentary evidence not incorporated into the pleadings as exhibits, or other evidentiary materials." *Id.* This court will affirm the dismissal based only on the pleadings where this court finds "no set of facts can be proven which would entitle the plaintiff to the relief sought." *Id.*

¶ 19    As the trial court correctly stated, Illinois courts have considered what is the proper way for a litigant to recover fees that were improperly assessed under the Act. In *Midwest*, the reviewing court explained what remedies a litigant may (and may not) seek to recover the wrongly assessed fees:

"We find that plaintiffs do not have a basis to pursue a private action to impose tort liability on defendants ***, and consequently, they do not have a basis upon which to seek damages to compensate for costs and expenses beyond restitution. However, plaintiffs can proceed with a declaratory action, similar to the *mandamus* action pursued by the plaintiffs in *Gassman* [*v. Clerk of the Circuit Court of Cook County,* 2017 IL App (1st) 151738]. Much like the *mandamus* action by the plaintiffs in *Gassman*, plaintiffs here need not pursue a private right of action under the Clerks of Courts Act in seeking the equitable relief of a declaratory judgment and return of the fees unlawfully imposed in the form of restitution." *Midwest*, 2018 IL App (1st) 163230, ¶ 52.

Based on *Midwest*, a litigant may seek restitution for the return of wrongly assessed fees by the county circuit court clerk; he may not seek damages. *Id.*

¶ 20    The plaintiffs here did not specifically request restitution. Rather, they asserted a claim for unjust enrichment, which they point out includes as a remedy restitution. The doctrine of unjust enrichment does not apply to the facts of this case. As our court in *Board of Managers of Hidden Lake Townhome Owners Ass'n v. Green Trails Improvement Ass'n*, 404 Ill. App. 3d 184, 193-94 (2010), explained:

"To state a cause of action for unjust enrichment, a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention violated the fundamental principles of justice, equity, and good conscience. [Citation]. Unjust enrichment is based on an implied contract, and the theory does not apply where there is a specific contract that governs the relationship of the parties. [Citation]. Damages in an unjust-enrichment claim are restitution measured by the defendant's gain, not the plaintiff's loss. [Citation]." *Id.*

¶ 21    Here, there was not an implied contract between the parties. Rather, the parties' relationship was governed by the Act. As the doctrine of unjust enrichment is inapplicable to the case at bar, the plaintiffs' attempt to use that doctrine as a basis to claim restitution fails.

¶ 22    We also reject the plaintiffs' argument that because they indicated in the paragraphs setting forth the proposed class that they wanted "the return of unlawful fees collected" and that the "Defendant should be required to refund the fees to Plaintiff and the members of the Class," they argued sufficiently they were seeking restitution. In making this argument, the plaintiffs point to *Midwest*, where the reviewing court held that the plaintiff's request for a return of fees collected pursuant to section 27.2a(g) of the Act should be construed as one for restitution. *Midwest*, ¶ 50. In making that determination, the *Midwest* court noted that the trial court had ruled prior to *Gassman* being decided. As such, the *Midwest* court explained that the plaintiff's claim should be "construed as one for restitution, and not attempting to impose tort liability or damages on the Clerk." *Id.*

¶ 23    Here, unlike in *Midwest*, there was ample authority available for the plaintiffs as to how to properly seek a return of fees improperly collected under section 27.2a(g) of the Act. Based on that authority, there was no basis for the trial court (or this court) to construe the plaintiffs' prayer for relief requesting damages against the Clerk as really a request for restitution. Accordingly, we hold that the trial court correctly determined that the plaintiffs' complaints failed to state a valid cause of action.

¶ 24    We next turn to whether the trial court erred in dismissing the plaintiffs' complaints with prejudice. Section 2-612(a) of the Code authorizes the court to permit amendments where the pleadings fail to sufficiently define the issues before the court. 735 ILCS 5/2-612(a) (West 2020). The section further provides, "[n]o pleading is bad in substance which contains such information

as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet." 735 ILCS 5/2-612(b) (West 2020). Leave to amend should be freely exercised so a party may fully present his cause of action. *Henderson-Smith & Associates, Inc. v. Nahamani Family Service Center, Inc.*, 323 Ill. App. 3d 15, 26 (2001). If a plaintiff can state a cause of action by amending its complaint, dismissal with prejudice on the pleadings should not be granted. *Id.*

¶ 25    In determining whether it is appropriate to allow the plaintiff an opportunity to amend the complaint, the court must consider whether (1) the proposed amendment would cure the defective pleading, (2) the other parties would be prejudiced or surprised by the proposed amended complaint, (3) the plaintiff had previous opportunities to amend the complaint, and (4) the proposed amendment is timely. *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). We review the court's decision to dismiss a complaint with prejudice for an abuse of discretion. *Vogt v. Round Robin Enterprises, Inc.*, 2020 IL App (4th) 190294, ¶ 15. A court abuses its discretion only if it acts arbitrarily, without the employment of conscientious judgment that exceeds the bounds of reason and ignores recognized principles of law; or if no reasonable person would take the position adopted by the court. *Payne v. Hall*, 2013 IL App (1st) 113519, ¶ 12.

¶ 26    The plaintiffs insist that if they can state a cause of action by amending their complaints, the trial court should not dismiss their complaints with prejudice. As set forth above, when considering whether the trial court erred in not allowing a party to amend its complaint, our review is guided by two principles: (1) if a plaintiff can state a cause of action by amending his complaint, his complaint should not be dismissed with prejudice; and (2) the trial court has discretion whether to allow a party to amend its complaint. The plaintiffs focus only on the first principle and infer that the trial court is mandated to allow a party to file an amended complaint if he can state a viable

cause of action. However, the second principle clearly refutes that inference. As set forth by our supreme court in *Loyola Academy*, there are various situations in which a trial court may deny leave to amend a complaint even if an amended complaint could state a viable cause of action. One of those situations is if the trial court has already given the plaintiff an opportunity to amend his complaint. See *On Tap Premium Quality Waters, Inc. v. Bank of Northern Illinois, N.S.*, 262 Ill. App. 3d 254, 264 (1994) (trial court did not abuse its discretion in dismissing complaint with prejudice because it had given the plaintiff multiple opportunities to amend its complaint); see also *Uskup v. Johnson*, 2020 IL App (1st) 200330, ¶36 (trial court improperly dismissed the plaintiff's complaint with prejudice before giving the plaintiff an opportunity to amend his complaint).

¶ 27    Here, the plaintiffs filed their initial complaints in 2017. The trial court then stayed the proceedings to allow the reviewing courts to provide guidance on the proper interpretation of the Act. After the Appellate Court issued its decision in *Midwest*, the trial court gave the plaintiffs the opportunity to amend their complaint. In 2021, four years after the plaintiff had filed their initial complaint and after several appellate decisions had been issued providing further guidance on how to properly plead an action under the Act, the trial court dismissed the plaintiffs' complaint with prejudice. Based on that span of time and because the plaintiffs had been given the opportunity to conform their pleadings to existing law, the trial court did not abuse its discretion in dismissing the plaintiff's complaint with prejudice. See *On Tap Premium Quality Waters*, 262 Ill. App. 3d at 264.

¶ 28    The plaintiffs' final contention is that, even if we determine that they did not properly seek restitution, we should reverse anyway because the Clerk's violation of the Act provides them with a private cause of action that allows them to seek damages. The plaintiffs acknowledge that the

*Midwest* court rejected this argument, but they ask us to depart from that authority. We decline to do so.

¶ 29   In *Midwest*, the reviewing court explained that in order to seek tort damages under section 27 of the Act, the plaintiff must demonstrate that a private right of action is either expressly granted or implied in the statute. The *Midwest* court then noted the four-part test our supreme court has outlined to determine whether a statute implies a private right of action:

> " '(1) the plaintiff belongs to the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for the statute's violation.' " *Midwest*, 2018 IL App (1st) 163230, ¶ 42, quoting *Marshall v. County of Cook*, 2016 IL App (1st) 142864, ¶ 12, citing *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 460 (1999).

¶ 30   Relying on *Marshall*, The *Midwest* court then determined that fees imposed by section 27.2a(g) are intended to compensate for the financial costs of operating the Clerk's office in handling litigants' pleadings and motions. *Midwest*, 2018 IL App (1st) 163230, ¶ 47. It is not meant to benefit litigants such as plaintiffs. *Id.* As the *Marshall* court specifically held, the Act is intended to "benefit counties that want to reduce court security costs or establish and maintain document storage or automated recordkeeping systems" and a private right of action is inconsistent with the purpose of the Act and is not necessary to provide an adequate remedy. *Id.*, quoting *Marshall,* 2016 IL App (1st) 142864, ¶ 13. Accordingly, the *Midwest* court held that the plaintiffs' only remedy was through restitution and not through a private cause of action. *Midwest*, 2018 IL App (1st) 163230, ¶ 52.

¶ 31   The plaintiffs insist that *Midwest* court erred in relying on *Marshall* as that case is distinguishable.  The plaintiff raised a similar argument in *Midwest* which the court rejected.  *Id.* ¶ 44.  We believe that the *Midwest* court properly relied on *Marshall* in determining that the purpose of the Act is to facilitate the running of the Clerk's office in terms of document maintenance and security and is not meant to protect litigants from being charged too much.  As such, we believe the analysis in *Midwest* is sound and that it was correctly decided.

¶ 32                           III. CONCLUSION

¶ 33   For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 34   Affirmed.