2023 IL App (1st) 220650-U
No. 1-22-0650
Order filed March 27, 2023

First Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KIMBERLY PACE-ARQUILLA | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | No. 21 L 7417 |
| v. | ) | |
| | ) | |
| VENANZIO ARQUILLA, | ) | Honorable |
| | ) | Thomas More Donnelly, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Affirming trial court order dismissing complaint under the collateral attack doctrine and denying leave to amend complaint.

¶ 2   When Kimberly Pace-Arquilla and her husband, Venanzio Arquilla, were divorcing, they submitted some issues to arbitration. The trial court incorporated the final arbitration award, which included maintenance for Kimberly, into its judgment for dissolution of marriage. Almost two years later, Kimberly sued Venanzio for fraud, alleging he provided false

information about his income to the arbitrator, which resulted in a lower maintenance award. Kimberly asked for damages equal to the amount of maintenance the arbitrator would have awarded with accurate income information. Venanzio moved to dismiss Kimberly's complaint arguing it was barred by the collateral attack doctrine. The trial court agreed and dismissed the complaint. The court also held that Kimberly could not amend her complaint because the dismissal constituted a final adjudication on the merits.

¶ 3        Kimberly contends (i) the collateral attack doctrine does not apply when, as here, the arbitration preceded entry of the final judgment; and (ii) the trial court erred in denying her leave to amend her complaint. We agree that the collateral attack doctrine bars Kimberly's complaint, and she is not entitled to amend it.

¶ 4        In her reply brief, Kimberly asserts that if the collateral attack doctrine applies, she is left without access to legally redress a fraud committed during the arbitration process. Not so. She could have brought a petition to vacate the award under section 12 of the Illinois Arbitration Act, which provides relief from final orders and judgments predicated on fraud in procuring the arbitration award. (710 ILCS 5/12) (West 2020)). "[A] judgment or order is void *** where the judgment or order is procured by fraud." *Juszczyk v. Flores*, 334 Ill. App. 3d 122, 125 (2002). Moreover, she could have sought to vacate the judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)) or returned to the court that entered the judgment for dissolution of marriage, which has continuing jurisdiction over the arbitration award and disputes involving maintenance. We decide the case as it was litigated and presented to us, dealing with what happened rather than with what should have happened.

¶ 5                                        Background

¶ 6    Kimberly Pace-Arquilla and Venanzio Arquilla were married in 1997. In July 2015, Kimberly filed for dissolution of marriage. Kimberly and Venanzio agreed to binding arbitration to resolve some issues. Venanzio provided the arbitrator information about his 2019 income as a basis for determining Kimberly's spousal maintenance award. On October 15, 2019, the trial court incorporated the final arbitration award into the judgment for dissolution of marriage.

¶ 7    About one-and-a-half years later, Kimberly filed a complaint against Venanzio for fraud in the arbitration proceedings. She alleged he (i) provided false and misleading information about his income, which was significantly higher than the estimate he gave the arbitrator, (ii) knew as early as June 2019 that he had underestimated his income, and (iii) made no effort to correct the misleading information on which Kimberly and the arbitrator relied. Kimberly asked for damages equal to the "proper maintenance amount had the arbitrator been provided accurate income information" but not less than $50,000.

¶ 8    Venanzio filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)), asserting the complaint (i) served as an improper collateral attack on the judgment for dissolution of marriage; (ii) had been untimely filed; (iii) pled a cause of action, false testimony, not recognized in Illinois; and (iv) failed to state a cause of action for fraud.

¶ 9    Regarding the collateral attack argument, Kimberly contended she was not seeking to modify the dissolution of marriage judgment. Instead, she asserted new claims based on Venanzio's misrepresentations during the arbitration. Kimberly also argued that the "unique procedural history and statutory schemes that underpin arbitration" support adjudicating her complaint.

¶ 10    The trial court granted Venanzio's motion to dismiss, finding the claims barred by the collateral attack doctrine. The trial court concluded that although Kimberly "formally disclaims" attempting to modify the maintenance award, "in substance, it can be nothing else."

¶ 11    Kimberly filed a motion to reconsider, asking for dismissal without prejudice and with leave to amend. In denying the motion, the trial court clarified that the motion to dismiss was an involuntary dismissal, precluding amendments to the complaint.

¶ 12                                    Analysis

¶ 13    Kimberly argues the trial court erred in applying the collateral attack doctrine. Additionally, she argues the trial court erred in refusing to allow her to amend.

¶ 14                              Standard of Review

¶ 15    The trial court dismissed Kimberly's complaint with prejudice under section 2-619 of the Code, determining a section 2-615 analysis as unnecessary. We review a grant of a motion to dismiss under either section 2-615 or section 2-619 *de novo* and may affirm on any basis in the record. *Kean v. Wal-Mart Stores, Inc.,* 235 Ill. 2d 351, 361 (2009).

¶ 16    A section 2-619(a)(9) motion to dismiss admits the legal sufficiency of the complaint along with all well-pleaded facts and reasonable inferences but asserts affirmative matter outside the complaint to avoid or defeat the action. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 30. Courts construe the pleadings in the light most favorable to the nonmoving party and grant the motion only if the plaintiff can prove no set of facts entitling recovery. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 96-97 (2004).

¶ 17                           Collateral Attack Doctrine

¶ 18    A collateral attack on a judgment seeks to vacate that judgment in a proceeding other than the original trial court. See *Village of Vernon Hills v. Heelan*, 2014 IL App (2d) 130823, ¶ 29.

In describing the well-established collateral attack doctrine, our supreme court explained that a judgment is not open to contradiction or impeachment in a collateral proceeding once a court of competent jurisdiction renders it. *Malone v. Cosentino*, 99 Ill. 2d 29, 32 (1983).

¶ 19     Kimberly contends that the collateral attack doctrine does not apply because her complaint presents an "unusual situation," namely, allegations that Venanzio engaged in fraud while arbitrating a maintenance award that then became part of a final judgment. While fraud during arbitration may be unusual, arbitrating issues that result in a final judgment is common.

¶ 20     The collateral attack doctrine may be invoked whenever an action seeks to avoid the effect of an adjudication in the wrong forum. *Apollo Real Estate Investment Fund IV, LP v. Gelber*, 403 Ill. App. 3d 179, 189 (2010) ("Under the collateral attack doctrine, a final judgment rendered by a court of competent jurisdiction may only be challenged through direct appeal or procedure allowed by statute and remains binding on the parties until it is reversed through such a proceeding"). Kimberly's prayer for relief would modify the judgment for dissolution of marriage.

¶ 21     Construing the allegations of the complaint in the light most favorable to Kimberly, no set of facts can be proven that would avoid application of the collateral attack doctrine.

¶ 22                         Alternative Avenues for Relief

¶ 23     Kimberly argues that the dismissal denied her the ability to challenge Venanzio's allegedly fraudulent conduct. But, as noted, section 12 of the Illinois Arbitration Act provides relief from final orders and judgments predicated on fraud in procuring the arbitration award (710 ILCS 5/12) (West 2020)). Kimberly asserts she did not seek relief under the Arbitration Act based on *Hough v. Osswald*, 198 Ill. App. 3d 1056, 1057-59 (1990). There, this court held that section

12 applies only to an arbitrator's fraud, not a party's. Nevertheless, Kimberly could have argued that the plain language of section 12 refers to fraudulent conduct by a party.

¶ 24    Or, Kimberly could have filed a petition under section 2-1401 of the Code to vacate the judgment. A section 2-1401 petition brings facts to the circuit court's attention, which, had they been known at that time, would have precluded entry of judgment. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006). Section 2-1401 provides that petitions to vacate be filed within two years after the entry of the order or judgment. 735 ILCS 5/2-1401(c) (West 2020). Kimberly discovered the alleged fraud within two years of the judgment.

¶ 25    According to Kimberly, section 2-1401 would have been ineffective based on *City of Chicago v. Chicago Loop Parking LLC*, 2014 IL App (1st) 133020. But, Kimberly did not cite *Chicago Loop* in the trial court, or argue to vacate or modify the maintenance award under section 2-1401. An issue not presented to or considered by the trial court cannot be raised for the first time on appeal. *Jameson Real Estate, LLC v. Ahmed,* 2018 IL App (1st) 171534, ¶ 75.

¶ 26    Even if Kimberly had not waived this argument, *Chicago Loop* is distinguishable. *Chicago Loop* involved a lease dispute between the City and CLP, the owner and operator of a parking garage. The City conceded liability but disagreed on the amount it owed in damages. As agreed in the lease, the parties proceeded to binding arbitration on damages. Five months after entry of the arbitration award, the City petitioned the circuit court to vacate or modify the award, relying, in part, on section 2-1401. The City argued that it had entered into a contract with a third party after arbitration that eliminated CLP's future damages. The circuit court confirmed the arbitration award and dismissed the City's petition.

¶ 27    The appellate court agreed, noting that a judgment affirming an arbitration award " 'is a summary proceeding that merely makes what is already a final arbitration award a judgment

of the court.' " *Chicago Loop Parking LLC*, 2014 IL App (1st) 133020, ¶ 52 (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987)).The court found "nothing wrong with the \*\*\* judgment itself" and since the circuit court was aware of the City's contract with the third party, it did not constitute a new fact as required by section 2-1401. *Id.* ¶ 50-51.

¶ 28 Kimberly argues that the holding in *Chicago Loop* precluded her from bringing a section 2-1401 petition. But Kimberly's claim differs from *Chicago Loop* in two key ways. First, the arbitration award states "[t]he Court shall retain jurisdiction to resolve any disputes regarding maintenance." More than that, the judgment provides, "This Court expressly retains jurisdiction over this cause for the purpose of enforcing all of the terms of this Judgment for Dissolution of Marriage including all the terms of the Final Arbitration Award and adjudicating all rights and interest expressly reserved herein." Even absent those two provisions, the court that entered the judgment has continuing jurisdiction under section 5/510 (a-5) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/510(a-5) (West 2020)), which provides that "[a]n order for maintenance may be modified or terminated only upon a showing of a substantial change in circumstances," which fraud, if proven, would likely constitute. See *In re Marriage of Ealy*, 269 Ill. App. 3d 971, 973-74 (1995) (holding orders in dissolution of marriage case may be vacated or modified if procured through fraud (citing *Roth v. Roth*, 45 Ill. 2d 19, 23 (1970)).

¶ 29 Second, unlike *Chicago Loop*, Kimberly arguably would have been bringing to light new facts—Venanzio's alleged fraud during arbitration—which, if known at the time of the judgment, would have precluded its entry.

¶ 30 Leave to Amend Complaint

¶ 31        We review the denial of leave to amend a complaint under an abuse of discretion standard. *Romito v. City of Chicago,* 2019 IL App (1st) 181152, ¶ 21. Kimberly argues the trial court abused its discretion in denying leave to amend.

¶ 32        The applicability of the collateral attack doctrine precludes amending the complaint. Besides, Kimberly asked to amend after the court entered final judgment. A plaintiff has no right to amend after a final judgment. *Marshal v. County of Cook,* 2016 IL App (1st) 142864 ¶ 27. Thus, the trial court did not abuse its discretion in denying the motion to amend.

¶ 33        Affirmed.